THE STATE ex inf. HUGHES ex rel. GAULT et al.,
Appellants, v. GILL et al.

In Banc, June 28, 1905.

1. **SCHOOL: Organization of District: Incorporated Village.** It is
not necessary for the organization of a village school district
that the village be incorporated. The statute no longer so re-
quires.

2. ———: ———: **Plat.** It is not necessary in order to organize
a common school district into a village school district that there
be a recorded plat of the village.

3. ———: ———: **Withdrawing Notice.** Where proper petition
was filed and legal notice given to the voters for the organiza-
tion of a common school district into a village school district,
the legality of the organization of the village school district by
the voters who responded to the notice, elected a chairman,
voted "for organization," elected directors, etc., is in nowise af-
fected by the fact that two of the directors after the notices had
been posted met and ordered the notices withdrawn and put
up other notices to that effect, and took down the prior notices.
Upon the filing of the proper petition, the law imposed on the
board the purely ministerial duty of ordering an election and
giving notice thereof, and in the performance of that duty they
were invested with no discretion, and having given it the matter
passed into the hands of the voters of the district.

Appeal from Jackson Circuit Court.—*Hon. Shannon C.
Douglass*, Judge.

Affirmed.

*Ward & Hadley* for appellants.

*Frank P. Sebree* and *Silver & Brown* for respond-
ents; *E. B. Gill* of counsel.

BRACE, C. J.—*Quo warranto* to oust defendants
from the offices of school directors of the school dis-
trict of Dallas, in Jackson county, Missouri. Appeal
from the Jackson County Circuit Court. Judgment
below for the respondents, and the relators appeal.

On the 13th of May, 1903, and for many years prior thereto, there was a common school district in said county, duly organized as school district No. 4, township 48, range 33, in which there resided about fifty qualified voters and in which there was an unincorporated village called Dallas, a plat of which had been duly executed and acknowledged, and recorded in the office of the recorder of deeds of said county, on the 15th of January, 1903.

By section 9861, Revised Statutes 1899, art. 2, cap. 154, it is provided, that:

"Whenever it may be desired to organize a common school district into a city, town or village school district, with special privileges granted under this article, the board of directors shall, upon the reception of a petition to that effect and signed by ten qualified voters who are resident taxpayers of the district, order an election held for that purpose, and shall give notice of such election by notices posted in five public places within the district for fifteen days prior to the day of such election—said meeting to be held at 2 o'clock p. m. at the public schoolhouse in said district, if there be one, but if there be no public schoolhouse, then at such place within the district as may be designated in the notices; and when said meeting is assembled, it shall elect a chairman and secretary, who shall keep a correct record of the proceedings of said meeting, and turn the same over to the board, properly signed and attested by the chairman, and the board shall have a copy of the same entered upon the district records; said election may be held at an annual or at a special meeting, and the order of business under this section shall be as follows:

"First. To organize as a city, town or village school district; those voting for the organization shall have written or printed on their ballots 'For organization,' and those voting against the organization shall have written or printed on their ballots 'Against organ-

ization;' and each person desiring to vote shall advance to the front of the chairman and deposit his ballot in a box to be used for that purpose. When all present shall have voted the chairman shall appoint two tellers, who shall call each ballot aloud, and the secretary shall keep a tally and report to the chairman, who shall announce the result; and if a majority of the votes cast are 'for organization,' the chairman shall call the next order of business.

"Second. To elect six directors, as follows: two shall be elected for three years, two for two years and two for one year, and each director shall be elected separately, and the result announced in the manner prescribed for organization. If said election is held at a special meeting, from then until the next annual meeting shall be taken as one year, so far as relates to the terms of the directors elected. The directors chosen must comply with the requirements of section 9864."

On the 13th of May, 1903, J. W. Gault, Johnson Young and C. M. Schock constituted the board of directors of said district and at a board meeting held on that day at the schoolhouse in said district, at which all of them were present, there was presented to and received by said board a petition signed by fifteen qualified voters and resident taxpayers of said district, as follows:

"To the School Board of District No. 4, Township 48, Range 33, in Jackson county, Missouri.

"We, the undersigned qualified voters and resident taxpayers of said district, desire to organize said school district into a village school district with special privileges granted under article 2 of the school laws of said State, respectfully petition you to order an election held in said district for that purpose in manner and form as provided by law."

Thereupon it was ordered by said board that an election be held at the schoolhouse in said district on

the 29th of May, 1903, for the purpose of voting on the proposition to organize said school district into a village school district, to be known as the Dallas School District, and thereupon they caused notices thereof on that day to be duly posted as required by the statute aforesaid. Afterwards on the 23d of May, 1903, the said Gault and Young, two of said directors, met and ordered that the notices aforesaid for the election aforesaid of May 29, 1903, be withdrawn and that notices should be put up to that effect, which was accordingly so done and several of the prior notices taken down. On the 29th of May, 1903, twenty-six of the qualified voters and resident taxpayers of said district, in pursuance of the notices first aforesaid, assembled at the schoolhouse in said district, organized and held an election on the proposition aforesaid in the manner required by the statute aforesaid, at which twenty-six votes were cast "For organization" and none against it. Whereupon the respondents in accordance with the requirements of said statute were duly elected directors of said district and within four days thereafter, as required by section 9864 of said article, to-wit, on the first day of June, 1903, duly qualified as such, and organized as the board of directors of said district, and since have claimed the right to exercise the functions of the board of directors of the school district of Dallas within the county of Jackson, as alleged in the information. Afterwards on the 26th of June, 1903, this proceeding was instituted on the information of the prosecuting attorney of said Jackson county, at the relation of J. W. Gault and Johnson Young, in which ouster of the respondents is sought, on the ground that common School District No. 4, Township 48, Range 33, in Jackson county, was not by the proceedings aforesaid legally organized into a village school district with the special privileges granted under article 2, chapter 154, Revised Statutes 1899:

First, because the village of Dallas was not incor-

porated; second, because the plat of said village was only a partial one and included less than a moiety thereof; and, third, because the order of May 13th for the election held on May 29th was rescinded by the order of May 23rd.     The argument in support of the first two of these grounds is based exclusively upon section 9860 of said article, by which it is provided, that:

"Any city, town or village, the plat of which has been previously filed in the recorder's office of the county in which the same is situated, may, together with the territory which is or may be attached thereto, be organized into a single school district, and, when so organized, shall be a body corporate," etc.

The terms of that section of the article apply as well to unincorporated villages as to those that are incorporated, and the history of the section shows that such was the intention of the Legislature; for, while the word "incorporated" preceded the word "city" in the section as originally adopted (R. S. 1865, p. 274, sec. 1), that section as it then read was expressly repealed by an act "Approved March 21, 1870" and a new section enacted in lieu thereof, in which the word "incorporated" was eliminated (Laws 1870, p. 127), and ever since the section has read as it does now, and from that date until the year 1889 that section was the only one providing for the organization of territory into a district to be governed by the provisions of article 2.   But by an act approved June 11, 1889 (Laws 1889, p. 249), a new section was enacted, carried into the revision of 1889 as section 8084 and into the revision of 1899 as section 9861, as hereinbefore set out.   And since 1889 we have had in the statute provision made, by section 9860 of article 2, for the organization of "any village, the plat of which has been previously filed in the recorder's office and the territory which is or may be attached thereto" into a single school district; and by section 9861 of article 2, provision made for

the organization of "any common school district" into a village school district.      Thus we have two separate and distinct organizations provided for—the result the same in each—a single school district governed by the provisions of article 2.      To the first is essential a village; and a recorded plat thereof; that the territory to be organized may be defined.      To the second, only an organized common school district whose territory is already defined and which needs no plat for that purpose.      The proceeding in question was not to organize the village of Dallas with the territory which is or may be attached thereto into a single school district as provided for in section 9860, but to organize common school district No. 4, Township 48, Range 33 into a village school district with the special privileges granted under article 2 as provided for in section 9861 of that article; and, in strict accordance with the provisions of which, the village school district of Dallas was organized and the respondents duly elected directors thereof.      To such an organization a recorded plat of the village of Dallas was not essential, nor the village itself for that matter, as distinguished from any other part of the district. As a village it could cut no figure in the organization of the new district under section 9861, except to give it a name.      The fact that Dallas was not an incorporated village and that the recorded plat thereof may may have been a defective one, in no way affected the validity of the organization in question.

Nor do we think the validity of that organization was at all affected or impaired by the action of Gault and Young on the 13th of May, in ordering the notice of the election to be withdrawn and causing other notices to that effect to be posted.      Upon receiving the petition of the fifteen qualified voters and taxpayers of the district, the law imposed upon the board of directors the purely ministerial duty of ordering an election and giving notice thereof in the manner prescribed by the statute; in the performance of which duty they

were invested with no discretion, and when they had performed that duty they became *functus officio* in the matter, which then passed into the hands of the qualified voters of the district, and it was for them and not for the directors, or any number of them to determine how it was to be disposed of.

We find nothing in the able and ingenious argument of counsel for relators to lead us for a moment to doubt the correctness of the conclusion of the court below, and its judgment will be affirmed.

All concur, except *Burgess, J.,* absent.