THE STATE EX REL. J. H. REYNOLDS, Collector of the Revenue for Livingston County, v. F. W. RICKENBRODE and ANNA RICKENBRODE, Appellants.—4 S. W. (2d) 436.

Court en Banc, March 17, 1928.

*Lewis A. Chapman* and *Nolan M. Chapman* for appellants.

*Marvin F. Pollard* and *Kitt & Marshall* for respondent.

WHITE, J.—The suit is to enforce the State's lien for taxes against the land of defendants situated in Consolidated School District Number Four, Livingston County. The amount claimed was $97.71, of which $54.23 was school taxes. The defendants tendered $84.95, the amount they admitted to be due, which included $41.47 of school taxes, claiming that the balance of the school taxes assessed were contrary to the Constitution and the statutes relating to assessments for school purposes.

The school district had voted a levy of 100 cents on the one hundred dollars' valuation, for school taxes. The defendants contended that under Section 11, Article X, of the Constitution, and Section 11123, Revised Statutes 1919, the limit which could be voted for taxes in the district was 65 cents on the hundred dollars valuation. The amount actually levied in pursuance of the vote was eighty-five cents on the hundred dollars. There is no question raised on account of the actual levy being less than the vote which provided for one hundred cents.

Judgment was for the plaintiff in the amount sued for, and the defendants appealed.

I. The only question in the case is whether Consolidated School District Number Four could vote a tax in excess of 65 cents on the hundred dollars valuation. An agreed statement appears in the record, which shows that the district was legally organized as a Consolidated School District, in April 1916. The section of the Constitution involved is Section 11, Article X, which contained this provision (the parts in italics were inserted by amendment in 1902):

"For school purposes in districts *composed of cities which have one hundred thousand inhabitants or more,* the annual rate on property shall not exceed *sixty cents on the hundred dollars valuation, and in other districts* forty cents on the hundred dollars valuation.

"Provided, the aforesaid annual rates for school purposes may be increased, in districts formed of cities and towns, to an amount not to exceed one dollar on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase."

The argument of appellants is that this is not a *district formed of a town; it is one of the "other districts"* limited to a rate of sixty-five cents on the hundred dollars' valuation. Then they point to Section 11123, Revised Statutes 1919, which classifies school districts of the State into four classes:

"First, all districts having only three directors shall be known as common school districts; second, all districts outside of incorporated cities, towns and villages which are governed by six directors shall be known as consolidated school districts; third, all districts governed by six directors in which is located any city of the fourth class, or any incorporated town or village, shall be known as town school districts; and fourth, all districts in which is located any city of the first, second or third classes, shall be known as city school districts."

The town of Avalon is situated in the district, but is not incorporated. The district has six directors, and appellant claims that it comes therefore, within the second class, a consolidated school district; that this is a legislative interpretation of the Constitution which makes school districts formed of cities or towns apply only to towns which are incorporated.

It may be said that the general provision in Section 11, Article X, of the Constitution, left it open for the Legislature to classify school districts in such way as to bring appropriate classes within that provision of the Constitution relating to the tax limit. And if that were all the legislation on the subject and the only fact in relation to the organization of the school district was that which occurred in 1916, appellant's argument would possess some plausibility; but that would involve a question not necessary to decide here.

II. Evidence admitted over the objection of the defendants showed that the town of Avalon had two general stores, a grocery store, hardware store, Farmers' Exchange, post office, two garages and a blacksmith shop; churches, a barber shop, high school and a bank. It had two hundred and fifty inhabitants. Prior to the year 1923, it had maintained a high school with a four years' course, recognized by the State Superintendent. Defendant objected to this evidence on the ground that the town was not incorporated. The evidence also showed that by an election held in 1898, the Avalon School District was voted a town school district with six directors. This was shown by a record of the Avalon School District proceedings. The only objection offered was that it was irrelevant. There was no objection on the ground that it was not sufficient evidence to establish the fact.

Section 11123, Revised Statutes 1919, quoted above, was enacted in 1909, some eleven years after the district was organized as a town district, and the classification of that section could not affect the legality of such organization.

At that time Sections 11236 and 11237, Revised Statutes 1919, were in force. They were enacted in 1895, and appeared in the Revised Statutes of 1909, in almost the same form as they appear in the Revised Statutes of 1919. Section 11236 provides that any common school district containing within its boundaries a city, town or village, a plat of which has been filed in the Recorder's office of the county in which the same is situated, or any district having two hundred or more children of school age, by the last enumeration, may be organized into a city or town school district.

Section 11237 provides the manner of the annual school meeting in which such organization shall be effected. The evidence shows that the plat of the town of Avalon was filed in the office of the Recorder of Deeds of Livingston County in November, 1870. Subsequently the plats of a number of additions to the town were filed in the Recorder's office. These sections show an intention of the Legislature to provide for organization of school districts within the terms of the Constitution.

In State ex rel. Buck v. Railroad, 263 Mo. 689, a suit to collect taxes voted beyond the sixty-five cent limit, the court construed the expression "formed of cities and towns" (l. c. 696). It was held that the expression did not mean that the district should be formed exclusively of cities or towns, but it might include contiguous territory outside the city limits. The opinion quotes what is now Section 11236, providing that any city, town or village, the plat of which has been previously filed, etc., may be organized . . . nothing is said in the opinion about the necessity of the town being incorporated; and a judgment for taxes in excess of the sixty-five cents limit was affirmed.

In State ex rel. v. Gill, 190 Mo. 79, a proceeding to oust directors of a certain school district which had been organized under a statute which was the same as Section 11236, Revised Statutes 1919, it was held that the statute applied to an unincorporated as well as to an incorporated village. The district in the village, together with the territory which was attached to the district, was organized as provided in the act. It was held that the organization was legal. The opinion points out that the act had previously contained the word "incorporated" preceding the word "city" (l. c. 83), but it was amended in 1870, eliminating the word "incorporated."

We have here the Avalon District organized as a town district, and the only requirements regarding the town was that the plat of the town should be filed with the Recorder of Deeds. It was not necessary

that the town should be incorporated. The subsequent statute, Section 11123, could not annul an organization which had already been made, even if it applied to such a case. The Avalon District, as a town district, was therefore properly incorporated under the Constitution and under the statute then in force. It provided for six directors and it was brought within the proviso of Section 11, Article X, of the Constitution which authorized the school tax to be increased by vote of the people to 100 cents on the one hundred dollars assessed valuation.

When Sections 11236 and 11237 were enacted, that part of Section 11, Article X, of the Constitution quoted above, read as follows:

"For school purposes in districts the annual rate on property shall not exceed forty cents on the hundred dollars valuation."

That applied to *all* school districts. Then follows the proviso in the same form that it is now, permitting an increase to one dollar in districts formed of cities, towns, etc., to one dollar on the hundred dollars valuation, and in other districts to sixty-five cents. The Constitution was amended in 1902, to provide for districts composed of cities having a hundred thousand inhabitants, that the limit without a vote should be sixty cents on the hundred dollars valuation. Thus, when the Constitution was adopted in 1875, all districts, cities, towns and others, had exactly the same limit of forty cents on the hundred dollars. But that amount might be increased to a hundred cents in districts formed of towns and cities, and sixty-five cents in the other districts. The amendment increasing the regular rate in towns of over one hundred thousand could not be construed to make any change in the intention of the Constitution-makers. The permissive one dollar tax by a vote on the valuation applied to districts "formed of cities and towns," and they were not required to be incorporated.

III. But the Avalon District, in 1916 was organized into a Consolidated School District Number Four, and appellants argue that Section 11123 then in force applied. If the appellants are correct in their position, such organization caused the Avalon district to lose its charter as a town district. Section 11255, Revised Statutes 1919 (which was in force in 1916), provides that three or more common school districts or village districts having less than 200 children of school age with two or more adjoining districts, may be consolidated into a new district for the purpose of maintaining both elementary and high school, and provides a method for its organization.

It is shown that two adjacent country districts were attached to Avalon District by the consolidation. Whether it had the requisite territory and school population necessary to come within the provision

of Section 11255, it is not necessary to inquire. It is conceded that it was properly organized as a consolidated district.

Accordingly the judgment is affirmed. All concur.