STATE EX REL. NOAH L. BROWN, Collector, v. WILLIAM WOODS, Appellant.—61 S. W. (2d) 732.

Division One, June 12, 1933.

*Davis & Damron* for appellant.

*R. B. Osborn* and *Wm. T. Powers* for respondent.

GANTT, J.—Action to collect a school tax on personal property of defendant in Patterson Consolidated School District in Wayne County, with interest, penalties and costs. The organization of the district and assessment of the property are not challenged. At a school election the district voted to levy a tax of one hundred cents on the one hundred dollar valuation of property for school purposes. Under said authority, a tax of $8.58 was levied on property of defendant. He paid $5.85, the amount due under a levy of sixty-five cents on the hundred dollar valuation of his property, and refused to pay the balance.

The petition to recover the balance alleged to be due is conventional. The answer alleges that the district was limited by the Constitution to a levy of sixty-five cents on the one hundred dollar valuation for school purposes, and that the attempted levy of one hundred cents on the one hundred dollar valuation was in violation of Section 11, Article X of the Constitution. Judgment was for the plaintiff, and defendant appealed.

It follows that defendant contends that a levy of more than sixty-five cents on the one hundred dollar valuation of his property could not be made under the Constitution. The pertinent part of said section of the Constitution follows:

"For school purposes in districts composed of cities which have one hundred thousand inhabitants or more, the annual rate on property shall not exceed sixty cents on the hundred dollars valuation and in other districts forty cents on the hundred dollars valuation:

"*Provided,* The aforesaid annual rates for school purposes may be increased, in districts formed of cities and towns, to an amount not to exceed one dollar on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are tax-payers, voting at an election held to decide the question, vote for said increase."

The above provisions limiting the rate of taxation are self-enforcing. However, the Legislature may, within the terms of said section of the Constitution, enact legislation classifying school districts. In this connection it should be stated that the validity of no statute is challenged in this proceeding. The Legislature has classified school districts as follows:

"First, all districts having only three directors shall be known as common school districts; second, all districts outside of incorporated cities, towns and villages, which are governed by six directors, shall be known as consolidated school districts; third, all districts governed by six directors and in which is located any city of the fourth class, or any incorporated town or village, shall be known as town school districts, and fourth, all districts in which is located

any city of the first, second or third class, shall be known as city school districts." [Sec. 11123, R. S. 1919, Sec. 9194, R. S. 1929.]

On May 24, 1923, the Patterson Consolidated School District was organized under Sections 11257, 11258, 11259, Revised Statutes 1919 (Secs. 9351, 9352, 9353, R. S. 1929). It is governed by six directors. The organization was made by consolidating Patterson, Woods, Camp Creek, Damen, Ring Creek and Cherry Grove common school districts, none of which at the time of the consolidation, nor prior thereto, had an enumeration of two hundred children of school age. At that time and at all times prior thereto the village of Patterson, with a population of seventy-five, was the only village, town or city within the limits of the territory comprising the consolidated district. It was never incorporated, but a plat of the village was made on May 25, 1861, and filed in the office of the circuit clerk and *ex officio* recorder of deeds of said county on May 27, 1861.

The filing of the plat in the recorder's office of the county authorized the Patterson Common School District to organize as a town or city school district under the provisions of Sections 11236, 11237, Revised Statutes 1919 (Secs. 9325, 9326, R. S. 1929). However, it was never so organized. It is clear from the facts above stated that the Patterson Consolidated School District falls under class two of the classification statute. After its organization and with the village of Patterson within the consolidated district, it could have organized as a town or city district under Section 11257, Revised Statutes 1919 (Sec. 9351, R. S. 1929), and Sections 11236, 11237, Revised Statutes 1919 (Secs. 9325, 9326, R. S. 1929). However, it was never so organized.

Thus it appears that by organization under Sections 11257, 11256, 11259, Revised Statutes 1919, and by classification under Section 11123, Revised Statutes 1919, which was in force at the time of the consolidation, the Patterson Consolidated District is not a city or town district. It is one of the "other districts" as that term is used in Section 11, Article X of the Constitution. It follows that the rate of taxation for school purposes in said districts cannot exceed sixty-five cents on the one hundred dollar valuation of the property in the district.

Plaintiff cites Section 9358, Revised Statutes 1929 (Amended Laws 1925, p. 330), as authorizing any consolidated school district to levy one hundred cents on the one hundred dollar valuation.

The section makes provision for State aid when certain conditions exist. It provides that *whenever any* consolidated district votes one hundred cents on the one hundred dollar valuation and certain conditions exist, State aid will be apportioned to the district.

From this, plaintiff argues that any consolidated district is authorized to vote a levy of one hundred cents on the one hundred dollar valuation. We do not think so. The section also provides that

*whenever any* consolidated district votes sixty-five cents on the one hundred dollar valuation and certain conditions exist, State aid will be apportioned to the district, but in an amount less than the ai l apportioned if the district was a city or town district and voted one hundred cents on the one hundred dollar valuation. The section makes provision for aid to town consolidated districts and also makes provision for aid to a mere consolidation of common school districts

Plaintiff also cites State ex rel. Reynolds v. Rickenbrode et al., 319 Mo. 468, 4 S. W. (2d) 436. That case was ruled on different facts and under a different statute.

The judgment should be reversed. It is so ordered. All concur.