Ex Parte George Diemer, Petitioner, v. Frank G. Weiss, City Marshal of Kirkwood.—122 S. W. (2d) 922.

Court en Banc, December 20, 1938.

*Anderson & Whittington* for petitioner.

*J. C. Hoester, Jr.,* and *Jesse L. England* for respondent.

GANTT, J.—Action in *habeas corpus*. Petitioner is deprived of his liberty by the city marshal of Kirkwood, who has custody of him under a commitment of the city court of said city. He was convicted in said court under Sections 490a and 490b of an Ordinance entitled "Offences against public order and peace."

■ Petitioner contends that the ordinance is vague, indefinite and uncertain, and for that reason invalid. The rule is stated as follows:

"When the language of an act appears on its face to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate, it is simply void; for if no judicial certainty can be settled upon as to its meaning, courts are not at liberty to supply the deficiency or make the statute certain. But legislation cannot be nullified on the ground of uncertainty, if susceptible of any reasonable construction that will support it." [26 Am. and Eng. Ency. Law (2 Ed.) 656.]

"Where the statutory terms are of such uncertain meaning, or so confused, that the courts cannot discern with reasonable certainty what is intended, they will pronounce the enactment void." [Statutory Crimes (3 Ed.) in the third subdivision of sec. 41.]

"Statutes and ordinances which fix crimes, or quasi-crimes, should so fix them that there could be no uncertainty. They should be so worded that one could read them, and know whether or not he was violating law. They should not be so worded as to leave their substantive elements to the caprices of either judge or jury. In other words the law should be complete and definite. What would be 'reasonable effort' under this law is left a question for the court or jury. What in the minds of one court or jury might be 'reasonable effort' might not be so considered by another court or jury. Each trial tribunal would be making its own ordinance. This will not do for a law or ordinance criminal in character." [Ex parte Taft, 284 Mo. 531, l. c. 544, 545, 225 S. W. 457.]

"A statute cannot be held void for uncertainty, if any reasonable and practical construction can be given to its language. Mere difficulty in ascertaining its meaning or the fact that it is susceptible of different interpretations will not render it nugatory. Doubts as to its proper construction will not justify us in disregarding it. It is the bounden duty of the courts to endeavor by every rule of construction, to ascertain the meaning of, and to give full force and effect to, every enactment of the General Assembly not obnoxious to constitutional prohibitions.

"It is equally true that a mere collection of words cannot constitute a law; otherwise the dictionary can be transformed into a statute by the proper legislative formula. An act of the Legislature, to be enforceable as a law, must prescribe a rule of action, and such

rule must be intelligibly expressed." [State ex inf. v. Street Ry. Co., 146 Mo. 155, l. c. 167, 168, 47 S. W. 959.]

The first paragraph of Section 490a follows:

"Sec. 490a. Picketing—prohibited when—penalty. It shall be unlawful within the City of Kirkwood, Missouri, for any person, persons or members of any voluntary organizations, or agents of any corporation, to interfere with the operation of any established business or businesses or with any working agreement established between any employer and employee engaged in any business within the City of Kirkwood, whether said employer operates as a firm, association, individual, corporation or co-partnership, by what is commonly known as picketing such employer or his place of business, or by any unlawful method intended to disrupt or affect the existing established relations between such employers and employees, or to harass, coerce or damage such employer or his or its business; provided, however, that this Ordinance and Section shall not apply in the event of an existing strike engaged in by all or part of the employees of any such business."

The said paragraph may be divided as follows:

(1) "It shall be unlawful . . . for any person . . . to interfere with the operation of any established business . . . or with any working agreement established between any employer and employee engaged in any business . . . by what is commonly known as picketing such employer or his place of business."

(2) "It shall be unlawful for any person . . . to interfere with the operation of any established business or with any working agreement established between any employer and employee engaged in any business by any unlawful method intended to disrupt or affect the existing established relations between such employers and employees."

(3) "It shall be unlawful for any person . . . to harass, coerce or damage such employer or his or its business."

In this connection it should be stated that "in creating an offence the Legislature may define it by a particular description of the act or acts constituting it, or may define it as any act which produces, or is reasonably calculated to produce certain defined or described results." [8 R. C. L., p. 57.]

It is clear that divisions numbers two and three of said paragraph neither condemn an act by particular description nor condemn all acts which produce a certain described result.

Furthermore, division number two simply ordains that it is unlawful to do an unlawful act. Division number three simply ordains that it is unlawful to "harass, coerce or damage." The words "harass, coerce or damage" are not defined and the ordinance "furnishes no criterion by which the questions of harassment, coercion

and damage can possibly be determined." In other words, divisions numbers two and three, when considered as creating separate offences, are vague and indefinite and cannot be enforced.

However, it may not have been intended to create separate offences by the enactment of divisions two and three of said paragraph. The penalty provision is set forth in the second and last paragraph of Section 490a. In an effort to determine the legislative intent, said penalty provision should be considered. It follows:

"Any person or persons or members of any voluntary association or agent of any corporation so engaged in picketing, as above defined, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $5.00 nor more than $100.00 or by imprisonment in the City Jail for not more than 30 days, or by both such fine and imprisonment."

Thus it appears that the penalty provision condemns only · picketing. From this it may be guessed that it was not intended by the enactment of the first paragraph of Section 490a to create three separate offences. If such was not the intention, the words "or by any unlawful method intended to disrupt or affect the existing established relations between such employers and employees, or to harass, coerce or damage such employer, or his or its business" (of the first paragraph) may have been an effort to define picketing as intimidation and coercion. But it is provided in Section 490b as follows:

"Section 490b. Picketing defined. Picketing shall be defined to (be) the act of walking up and down before any place of business in the City of Kirkwood and the solicitation of the public or employees through word of mouth or by printed signs or banners, that such place of business is unfair to organized labor or to any voluntary association, group or members of labor organizations; and by requesting through word of mouth or signs that such place of business or employer be boycotted and not patronized by the public; and by personal solicitations through word of mouth or signs that employees where no strike exists cease working in such places of business so picketed."

Thus it also appears that picketing is defined in Section 490b as mere solicitation and request. In this situation it cannot be determined from Sections 490a and 490b, or from any part of the same, what offence was intended to be created. The rule is stated as follows:

"An ordinance of a regulatory nature must be clear, certain and definite so that the average man may, with due care, after reading the same, understand whether he will incur a penalty for his actions or not." [19 R. C. L., p. 910.]

632

In other words, the said sections are vague, indefinite and uncertain, and for that reason void. It follows that it is unnecessary to consider the constitutional questions presented by the record.

The petitioner should be discharged from the custody of the city marshal of Kirkwood. It is so ordered. All concur.