243 S.W.2d 107 (1951)
VANLANDINGHAM et al.
v.
REORGANIZED SCHOOL DISTRICT NO. R-IV OF LIVINGSTON COUNTY et al.
No. 42561.
Supreme Court of Missouri, Division No. 2.
November 12, 1951.
*108 J. P. Morgan, Chillicothe, for appellants.
Nolan M. Chapman, Don Chapman, and Nolan M. Chapman, Jr., all of Chillicothe, for respondents.
TIPTON, Judge.
This is an action for a declaratory judgment and injunctive relief brought by appellants as resident taxpayers of the respondent Reorganized School District R-IV of Livingston County, Missouri, to test the validity of a school tax levy of one dollar on the hundred dollars assessed valuation of tangible property for general school purposes without a vote of the electors of that school district. It is the appellants' contention that both under the constitution and the applicable statute the levy should be only sixty-five cents on the hundred dollars valuation. The case was tried under an agreed statement of facts in the circuit court of Livingston County and the court found that the tax of one dollar on the one hundred dollars assessed valuation in that school district is a legal and valid tax. The court also denied the injunction prayed for in appellants' second count of their amended petition. From that judgment the appellants have duly appealed.
The essential facts are as follows: The Reorganized School District R-IV of Livingston County was organized in 1949 under Senate Bill 307, 1947 Session, Laws 1947, p. 370, RS1949, § 165.657 et seq. This district embraces the town of Wheeling and surrounding rural areas. The appellants are resident taxpayers and property owners within the boundaries of respondent school district. The directors of Reorganized School District R-IV took the necessary statutory steps to levy a tax of one dollar on the one hundred dollars valuation of the taxable tangible property within this school district but without a vote of the qualified electors of the district, which appellants contend makes this levy invalid.
The town of Wheeling was incorporated in the year 1896 and was disincorporated in the year 1903. It has at all times since remained unincorporated. This town was laid out by accurate map and plat describing the parcels of ground within the town *109 and describing the course of streets and alleys. This plat was duly acknowledged and filed in the office of recorder of deeds. A plat of Packer's Addition to the town of Wheeling was filed in the office of recorder of deeds on March 20, 1919 and a plat of High School Addition was filed in the office of recorder of deeds on May 21, 1920.
The town of Wheeling has a population of 450 people; it has from 150 to 160 children in attendance at school. It has the following business establishments: two grocery stores, grain elevator, lumber yard, drug store, two filling stations, barber shop, two garages, electric appliance shop, hardware store, post office, two rural mail routes, three churches, blacksmith shop, produce and feed business, two gasoline and oil bulk stations, railroad station with a railroad running through the town and a practicing osteophathic physician.
The pertinent part of section 11(b), article X of our present Constitution reads:
"Any tax imposed upon such property by municipalities, counties or school districts, for their respective purposes, shall not exceed the following annual rates: * * *.
"For school districts formed of cities and townsone dollar on the hundred dollars assessed valuation, except that in the city of St. Louis the annual rate shall not exceed eighty-nine cents on the hundred dollars assessed valuation;
"For all other school districtssixty-five cents on the hundred dollars assessed valuation."
It is the appellants' contention that the words "cities and towns", used in the above section, mean incorporated towns, and since Wheeling is an unincorporated town, the maximum levy the respondent directors of Reorganized School District R-IV could assess was sixty-five cents on the hundred dollars valuation of tangible property for general school purposes without a proper vote of the electors. It is admitted that no such election was held.
The above section does not use the words "incorporated cities and towns," nor are the words "incorporated municipalities" used. If the above section meant "incorporated towns," it does not say so, and since these are ordinary words it must be presumed the word "town" as used in this section means both incorporated and unincorporated towns. This is true for "It is fundamental that in construing the language of a Constitution the words used, unless * * * technical, are to be understood in their usual and ordinary sense." State ex rel. Buck v. St. Louis & S. F. Railroad, 263 Mo. 689, loc. cit. 696, 174 S.W. 64, 65. "In its popular sense `town' is used to designate an aggregation of houses so near one another that the inhabitants may fairly be said to dwell together. In this sense a town is distinguished from the country or from a rural population. * * The use of the word `town,' as employed in its popular sense, may or may not imply incorporation, or a particular kind of incorporation." 63 C.J. 97-99, § 1.
In the case of the City of Denver v. Coulehan, 20 Colo. 471, 39 P. 425, 427, 27 L.R.A. 751, loc. cit. 754, the Supreme Court of Colorado said, "The popular use and meaning of the word [town] is a large, closely populated place, whether incorporated or not, as distinguished from the country or from rural communities."
The statutes of this state use the word "town" as applying to both incorporated and unincorporated towns. See Chapter 80, RSMo1949.
After the 1902 amendment to section 11, article X of the constitution of 1875, we held the word "town" applied to the town of Avalon which was not incorporated. State ex rel. Reynolds v. Rickenbrode, 319 Mo. 486, 4 S.W.2d 436.
We think there can be no doubt that the word "town" as used in section 11(b), article X of our present constitution includes both incorporated and unincorporated towns. We therefore hold that the levy in question of one dollar on the one hundred dollars assessed valuation without the approval of the electors of this school district does not violate our present constitution. Under the facts related above, there can be no doubt that Wheeling is an unincorporated "town," as that word is ordinarily used.
*110 Appellants also rely upon section 165.010, RSMo1949, to sustain their contention that before the school district may be classified as a town school district, the town within its district must be incorporated. This section reads:
"The public schools of this state are hereby classified as follows:
"(1) All districts having only three directors shall be known as common school districts;
"(2) All districts outside of incorporated cities, towns and villages, which are governed by six directors, shall be known as consolidated school districts;
"(3) All districts governed by six directors and in which is located any city of the fourth class, or any incorporated town or village, shall be known as town school districts; and
"(4) All districts in which is located any city of the first, second or third class shall be known as city school districts."
The third section of this above statute does use the words "incorporated town" and in that respect is in conflict with section 11(b), article X of our constitution. To sustain their contention that this section is valid, appellants rely upon our case of State ex rel. Brown v. Woods, 332 Mo. 1123, 61 S.W.2d 732. That case did not pass on the questions raised in this case. Section 11, article X of the 1875 constitution as amended in 1902 and the above quoted statute were under consideration in that case. In ruling that case, we held that the above constitutional "provisions limiting the rate of taxation are self-enforcing." We further said, "However, the Legislature may, within the terms of said section of the Constitution, enact legislation classifying school districts. In this connection it should be stated that the validity of no statute is challenged in this proceeding." 61 S.W.2d loc. cit. 732-733.
In the case at bar, the validity of the above quoted statute is challenged to the extent that the word "incorporated" before the words "town" or "village" is more restrictive than our constitutional provision.
If a constitutional provision is self-enforcing, as we held this section to be in the case of State ex rel. Brown v. Woods, supra, it necessarily follows that a statute is unconstitutional which is more restrictive than a self-enforcing constitutional provision.
"`The general rule is that the unconstitutionality of a part of a statute does not render the remainder of the statute invalid where enough remains, after discarding the invalid part, to show the legislative intent and to furnish sufficient means to effectuate that intent. In State ex inf. Barker v. Duncan, 265 Mo. 26, 45, 175 S.W. 940, 945, Ann.Cas.1916D, 1, this court said: "if after cutting out and throwing away the bad parts of a statute, enough remains which is good to clearly show the legislative intent, and to furnish sufficient details of a working plan by which that intention may be made effectual, then we ought not, as a matter of law, to declare the whole statute bad. Cooley on Con.Lim. (7th Ed.) 247; State ex rel. v. Gordon, 236 Mo. [142] loc. cit. 171, 139 S.W. 403 [410, 411]; State ex rel. v. Taylor, 224 Mo. [393], loc. cit. 474, 123 S.W. 892 [915]; State v. Bockstruck, 136 Mo. 335, 38 S.W. 317."'" State on inf. McKittrick v. Cameron, 342 Mo. 830, 117 S.W.2d 1078, loc. cit. 1080.
We think that after eliminating the word "incorporated" in paragraph 3 of section 165.010, supra, there remains enough to clearly show the legislative intent, which was to classify the various school districts of this state. It therefore follows that with the word "incorporated" eliminated from paragraph (3) of this section, the remaining parts of this section are constitutional.
It necessarily follows that appellants' contentions that respondent school district is not a town school district and must be denied and, therefore, the trial court properly denied any injunctive relief asked for by appellant.
The judgment of the trial court is affirmed.
All concur.