ST. LOUIS COUNTY, Missouri,
Plaintiff-Respondent,

v.

McBRIDE & SON, INC., Defendant-
Appellant.

No. 34459.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 21, 1972.

Richard B. Dempsey, Clayton, for de-
fendant-appellant.

George F. Gunn, Jr., County Counselor,
Don R. Williams, Andrew J. Minardi, As-
soc. County Counselors, and Thomas Cum-
mings, Asst. County Counselor, Clayton,
for plaintiff-respondent.

DOWD, Chief Judge.

The issue in this case is whether Section
1003.167(6), St. Louis County Revised Or-
dinance is so vague, indefinite and uncer-
tain as to make it unenforceable and there-
by void. The ordinance reads as follows:

> "No dumping, accumulation or storage
> of trash, cans, refuse, garbage, junk, in-
> operative machinery or vehicles or other
> such waste material shall be permitted
> within any district except in authorized
> sanitary landfills. The dumping and ac-
> cumulation of building demolition mate-
> rial may be permitted within any district
> when authorized under the provisions set
> forth in Chapter 621."

The case is before us on stipulated facts.
The defendant-appellant was charged with
violation of this ordinance.

The information was filed in the Magis-
trate Court. The defendant made a motion
to quash the summons and information and
to dismiss on the ground that the ordi-
nance was "so vague, indefinite, uncertain
and without reasonable guidelines so as to
make it unenforceable." The motion was
denied and the defendant was found guilty.
On appeal to the Circuit Court, the same

motion was made by defendant and denied by that court, the defendant was found guilty of violating the ordinance and fined $25.00 and costs. Defendant appealed.

The stipulated facts are that defendant dumped used construction materials on certain property which it used. The defendant is engaged in the construction business, and its dumping activities did not fall within the exception contained in the ordinance.

 The test to apply in determining whether a statute or ordinance is sufficiently definite is " * * * whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." State v. Smith, Mo., 431 S.W. 2d 74[2]. In other words, the statute must be sufficiently explicit in its description of the acts, conduct, or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty, fix an ascertainable standard of guilt, and make known to those to whom it is addressed what conduct on their part will render them liable for its penalties, and not be so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. State v. Crawford, Mo., 478 S.W.2d 314[4]; State ex rel. Eagleton v. McQueen, Mo., 378 S.W.2d 449[3].

The ordinance with which we are confronted clearly does not fall within the above standards. Can a homeowner store trash on his property between the weekly collections? Plaintiff suggests that reasonable men must know it is only the "long-term, protracted, unnecessary accumulation" of waste which the ordinance seeks to limit. There is no limitation, qualification or standard set out in this ordinance. It is too vague to permit one and only one reasonable interpretation. The ordinance does not advise of the circumstances under which it is intended to operate, nor does it advise what may be done or not done to avoid violating its terms.

Missouri Pac. R. Co. v. Morris, Mo., 345 S.W.2d 52[1]; Diemer v. Weiss, 343 Mo. 626, 122 S.W.2d 922[1].

Certainly, St. Louis County has the right and duty to regulate the disposal of trash, garbage and other refuse. But it must do so by an ordinance which gives a sufficiently exact warning of what conduct is prohibited. The ordinance in question fails to meet this standard. It is so vague and indefinite that it cannot be ascertained with any degree of certainty just what is prohibited by the ordinance. We hold the ordinance incapable of rational enforcement and accordingly void. See Harvey v. Priest, Mo., 366 S.W.2d 324.

The judgment is reversed.

SMITH, SIMEONE and KELLY, JJ., concur.