**STATE of Missouri ex rel. John W. ADAMS, Relator,**

v.

**The Honorable William M. CORRIGAN, Judge of the Circuit Court of St. Louis County, Missouri, 7th Division, Respondent.**

No. 37970.

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 15, 1976.

**11.** At this writing, the Delaware controversy is before the Supreme Court of Delaware.

Thurman, Nixon, Smith, Howald, Weber & Bowles, Joseph P. Cunningham, Hillsboro, for relator.

Klutho & Cody Attys., Inc., John A. Kilo, St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Deborah C. Adams, a resident of Jefferson County, filed suit in the Circuit Court of St. Louis County for dissolution of her marriage. Her husband, John W. Adams, a resident of St. Louis County, filed a petition for a writ to prohibit the St. Louis County Circuit Judge before whom the dissolution petition was pending from entertaining jurisdiction, on the ground of improper venue. Our preliminary rule in prohibition issued and on the pleadings, briefs and arguments the cause has been submitted.

Former § 452.040, RSMo 1969, now repealed, provided with respect to cases of divorce and alimony or maintenance that "[t]he proceedings shall be had in the county where the plaintiff resides, and the process may be directed, in the first instance, into any other county in the state where the defendant resides."

Laws 1973, p. 470 § A repealed the sections relating to divorce, enacted new sections dealing with dissolution of marriage, and in lieu of § 452.040, supra, enacted § 452.300, paragraph 1 of which provides that "The proceedings shall be had in the county where the plaintiff resides, *and the proceedings may be directed, in the first instance, in any other county in the state where the defendant resides.*" (Our italics.)

The question is whether the italicized language authorizes the filing of a petition for dissolution of marriage in the county where defendant resides but plaintiff does not reside.

The italicized language, considered in conjunction with the first clause of the sentence, simply does not make sense, and cannot possibly be given any precise or intelligible application in the circumstances under which it was intended to operate. No reasonable or practical construction will support the second clause. While it appears to have a meaning, upon analysis the italicized matter is incapable of precise or intelligible application in fixing venue in proceedings for dissolution of marriage. The first clause of the sentence, which is clear and definite, is mandatory but the second clause, which is uncertain, indefinite, and confusing is permissive. The two clauses are at odds with and contradict each other; they conflict. If the proceedings *shall* be had in the county of the plaintiff's residence, as the first clause mandates, they may not be had elsewhere, and yet the second clause permits "the proceedings" to be "directed in" the county of the defendant's residence. "The proceedings," according to Black's Law Dictionary, include all possible steps in an action from its commencement to the execution of judgment. If, following the mandate of the first clause, plaintiff files the petition in the county where plaintiff resides, then how, by whom, and under what practice shall the proceedings be "directed in" the county where the defendant resides? Is plaintiff to "direct" the proceedings "in" (should it have read "into"?) that other county? The judge? The clerk? Proceedings are not *directed.* The "directed" language in connection with establishing venue is unknown to the law. Process may be directed into another county, but proceedings are not so "directed." We may not, however, judicially declare that the legislature, in using the word "proceedings" meant to use the word "process." Relator would have us declare that the legislature intended no change in the venue statute; that the word "proceedings" is a legislative oversight and should be read "process." This may be so, but we are not at liberty to make the substitution. "The courts cannot venture upon the dangerous path of judicial legislation to supply omissions or remedy defects in matters committed to a co-ordinate branch of the government. It is far better to wait for necessary corrections by those authorized to make them, or, in fact, for them to remain unmade, however desirable they may be, than for judicial tribunals to transcend the just limits of their constitutional powers." *State ex rel. Crow v. West Side St. Ry. Co.,* 146 Mo. 155, 47 S.W. 959, 961 (1898).

The words "in the first instance" in reference to "proceedings" further confuse the matter. We find no relevance to these words in this context.

Notwithstanding our earnest endeavor, by resort to every known rule of construction, we are unable to construe the sentence (leaving the second clause in) so as to ascertain and give effect to the legislative intent. "[A] statute must be capable of construction and interpretation; otherwise it will be inoperative and void." *State v. Partlow,* 91 N.C. 550 (1884), cited with approval in *State ex rel. Crow v. West Side St. Ry. Co.,* supra. The *Crow* case further pertinently observes that " * * * a mere collection of words cannot constitute a law; otherwise the dictionary can be transformed into a statute by the proper legislative formula. An act of the legislature, to be enforceable as a law, must prescribe a rule of action, and such rule must be intelligibly expressed," and that " * * * an act of the legislative department cannot be enforced when its meaning cannot be determined by any known rules of construction." 47 S.W. l. c. 961.

The only course left open is to declare the second clause of the sentence void, and we so declare on the authority of the *Crow* case, *Missouri Pacific Railroad Co. v. Morris,* 345 S.W.2d 52 (Mo. banc 1961), and *Diemer v. Weiss,* 343 Mo. 626, 122 S.W.2d 922 (banc 1938). The latter two cases quote with approval the following applicable statements of law from 26 Am. and Eng. Ency. Law, 2d Ed., 656:

"When the language of an act appears on its face to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate, it is simply void; for if no judicial certainty can be settled upon as to its meaning, courts are not at liberty to supply the deficiency or make the statute certain. But legislation cannot be nullified on the

ground of uncertainty, if susceptible of any reasonable construction that will support it."

and the following from Statutory Crimes, 3d Ed., § 41, 3d subdiv.:

"Where the statutory terms are of such uncertain meaning, or so confused, that the courts cannot discern with reasonable certainty what is intended, they will pronounce the enactment void."

This leaves standing the first clause, which reads: "The proceedings shall be had in the county where the plaintiff resides." This language is clear and definite. It demonstrates the legislative intent in mandatory language. It prescribes a valid rule of action which is intelligible and enforceable when severed from the balance of the sentence. " * * * [I]f, after cutting out and throwing away the bad parts of a statute, enough remains which is good to clearly show the legislative intent, and to furnish sufficient details of a working plan by which that intention may be made effectual, then we ought not, as a matter of law, to declare the whole statute bad." *State ex rel. Harvey v. Wright,* 251 Mo. 325, 158 S.W. 823, 826 (1913), cited with approval in *State ex rel. Enright v. Connett,* 475 S.W.2d 78, 81–82 (Mo. banc 1972). Taking the first clause of the sentence, supra, together with the first sentence in Paragraph 1 of § 452.300,[1] along with Rule 54.13(c),[2] we have a complete and workable rule of venue in proceedings for the dissolution of marriage in cases where defendant resides in a county other than the county of plaintiff's residence. The law of venue in such cases, as thus declared, is the same as that previously provided by § 452.040, RSMo 1969, and its predecessor sections, with which the bar has been familiar for generations.

Preliminary rule made absolute.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.

---

1. "The rules of the supreme court and applicable court rules apply to all proceedings under sections 452.300 to 452.415."

2. "All process issued for service within this state may be served anywhere within the state and may be forwarded to the sheriff of any county for the purpose of service."