**CITY OF MANCHESTER, Respondent,**

v.

**Ronald D. WATSON and Bobbie R. Staggs, Appellants.**

**No. 53473.**

Missouri Court of Appeals, Eastern District, Division One.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Michael P. Gunn, Patrick R. Gunn, St. Louis, for appellants.

CRIST, Judge.

This appeal arose out of an action by respondent (City) for prosecution of appellants (truck drivers) for having their trucks, each of which exceeded nine feet in height, parked by their homes in residential areas of the City contrary to municipal ordinance. Truck drivers were found guilty of violating the ordinance at a municipal court proceeding, and thereafter appealed to the circuit court. The circuit court, on stipulated facts, found the ordinance valid and further found truck drivers guilty of violation of the ordinance. The court fined each truck driver $50 plus $12 municipal costs. We affirm.

Truck drivers' only point on appeal states: "The trial court erred in finding the ordinance valid for the reason it is vague, indefinite and uncertain as to make it unconstitutionally unenforceable and therefore void." This point violates Rule 84.-04(d) in that truck drivers fail to state wherein and why the ordinance was void.

The ordinance reads as follows:

No person shall park, keep, store or leave, nor shall any person, whether as an owner or occupant or agent thereof, permit or allow to be parked, kept, stored or left any commercial vehicle or truck, or part thereof, which has a height from the ground exceeds 9' on any lot or tract of land in any of the single family or multiple family districts in the City of Manchester as established by the City of Manchester's Zoning Ordinance. The

prohibition established herein shall not apply to any lot or tract of land in any of the single family or multiple family districts in the City of Manchester which exceeds two (2) acres in lot area provided the commercial vehicle or commercial truck is parked, kept, stored or left more than 100 feet from any property line of said lot or tract of land.

Truck drivers filed only a legal file in this court, consisting of fifty-three pages. In their brief, they fail to cite any page references to the legal file in violation of Rule 84.04(h). Accordingly, we can assume we must find the ordinance to be vague, indefinite and uncertain on its face without additional facts as to wherein and why the ordinance is vague.

"When reviewing an ordinance we start with the presumption that it is valid." *State ex rel. Casey's v. City Counsel of Salem,* 699 S.W.2d 775, 776[4] (Mo.App. 1985). The test for vagueness is whether an ordinance is specific enough to warn the actors what conduct is prohibited when measured by common understanding and practices. *City of Independence v. Richards,* 666 S.W.2d 1, 7[14] (Mo.App.1983); *St. Louis County v. McBride & Sons, Inc.,* 487 S.W.2d 878, 879[1] (Mo.App.1972). We are not persuaded by truck drivers' arguments regarding the vagueness of the ordinance. We find the ordinance was specific enough for the truck drivers to know by reading it that their conduct was prohibited.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.