**William LODDERHOSE, Appellant,**

v.

**CITY OF FERGUSON, Respondent.**

No. 61352.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 1, 1992.

Richard A. Barr, III, St. Louis, for appellant.

Chester B. Hayes, Florissant, for respondent.

CRIST, Judge.

Appellant (Policeman) appeals an order of the circuit court affirming a decision of the Personnel Board of the City of Ferguson (Board). The Board, after a hearing, suspended Policeman without pay for 41.25 hours (five work days), ordered him to have an eye examination, and ordered him to participate in a defense driving school. We reverse the circuit order and remand to the Board with directions.

Policeman asserts he was denied due process for lack of notice of the charges or evidence against him. His suspension arose out of an auto accident he was involved in on July 15, 1990. The Board found Policeman was careless in the accident. He admits he was at fault in the accident but contests the propriety of enhancing the discipline; evidence of a prior accident was used to enhance his punishment. Policeman alleges he did not have notice of the enhancement charge or the prior accident evidence.

Policeman was disciplined in accordance with Rule 6 of progressive disciplinary action guidelines. Rule 6 reads:

### PROGRESSIVE DISCIPLINARY ACTION GUIDELINES

| INFRACTION OF GOOD EMPLOYEE CONDUCT | CORRECTIVE DISCIPLINE | | | | |
|---|---|---|---|---|---|
| | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | FOURTH OFFENSE | FIFTH OFFENSE |
| | * | * | * | | |
| 6. Damage to City Property: | | $50 fine and 5–day suspension | $250 fine and Termination | | |
| a. gross negligence carelessness, abuse | Written Reprimand | | | | |
| b. Malicious Intent | Termination | | | | |

We need not address whether Policeman received sufficient notice. The enhancement of punishment provision in City's progressive discipline action guidelines is void because it is unintelligible. Thus, Policeman's arguments concerning notice are moot.

■ To be enforceable, a statute or regulation "must be sufficiently explicit in its description of the acts, conduct, or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty, fix an ascertainable standard of guilt, and make known to those to whom it is addressed what conduct on their part will render them liable for its penalties, and not be so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application." *St. Louis County. v. McBride & Son, Inc.*, 487 S.W.2d 878, 879 (Mo.App.1972).

■ As written, the enhancement provision may be interpreted at least two ways. First, "gross" may apply only to "negligence" and not to "carelessness" or "abuse." However, "negligence" and "carelessness" are synonyms. *See* Black's Law Dictionary 213 (6th ed. 1990); *Harris v. Penninger*, 613 S.W.2d 211, 214 (Mo. App.1981); *Bindbeutal v. Street Ry. Co.*, 43 Mo.App. 463, 470 (Mo.App.1891). Thus, under this interpretation, the guidelines impose the same discipline for gross negligence as negligence. Since these guidelines are "progressive," gross negligence should merit greater disciplinary action than negligence.

Interpreted another way, the provision might be read as encompassing "gross negligence," "gross carelessness," and "gross abuse." This interpretation would render "gross carelessness" redundant. Further, under this reading, the Board's finding that Policeman was careless would not bring him within the scope of Rule 6.

City's guidelines are part of § 10 of City's Personnel Rules and Regulations. That section does not furnish sufficient guidance for us to glean, with any certainty, what is intended by the regulation.

"[A] statute must be capable of construction and interpretation; otherwise it will be inoperative and void. The court must use every authorized means to ascertain and give it an intelligible meaning; but if, after

such effort ... no judicial certainty can be settled upon as to the meaning, the court is not at liberty to supply or make one. The court may not allow conjectural interpretation to usurp the place of judicial exposition." *State ex rel. Crow v. West Side St. Ry. Co.*, 146 Mo. 155, 47 S.W. 959, 961 (1898); *accord State ex rel. Adams v. Corrigan*, 538 S.W.2d 372, 373 (Mo.App.1976).

That part of the order enhancing the discipline for the second offense of carelessness is reversed, and the cause is remanded to the Board for discipline, if warranted, for Policeman's conduct in the July 15, 1990 accident, only.

AHRENS, P.J., and REINHARD, J., concur.