**BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, et al.,**
Respondents,

v.

**STATE of Missouri, et al., Appellants.**

No. SC 83261.

Supreme Court of Missouri,
En Banc.

June 12, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel E. Anderson, Asst. Atty. Gen., Jefferson City, Ira M. Young, St. Louis, for Appellants.

Kenneth C. Brostron, Lawrence J. Wadsack, Mary E. Handley, St. Louis, for Respondents.

WHITE, Judge.

**I.**

The Board of Education of the City of St. Louis (Board) sought a declaratory judgment to interpret, invalidate, or otherwise declare unenforceable amendments to section 162.601 enacted in the 1997–98 Missouri legislative session.[1] The circuit court held subsections 6 and 7 of section 162.601 to be unconstitutionally void for vagueness. The State of Missouri (State) appeals.[2] We affirm.

The Respondents are composed of members of the Board, three of which were seeking candidacy for the April 3, 2001, school board election.[3] On July 11, 2000, the Board sought declaratory relief alleging that vagueness in the language of section 162.601 rendered the Board incapable of determining which subdistricts were to hold elections. Since the statute also requires the Board members to reside in the subdistrict of their representation, the Board claimed that without knowing which subdistricts were electing members, it would be impossible to determine qualified candidates. The State contends that chapter 115, requiring the Board to provide the Election Commissioners with information about their elections, grants the Board authority to fill in these missing details and claims that no part of section 162.601 is unconstitutional.

The circuit court found subsections 6 and 7 of section 162.601 to be unconstitutionally void for vagueness and applied the severance doctrine finding them not to be essential and inseparable from the remaining subsections.[4] The State appeals. Since the dispute involves the validity of a Missouri statute, this Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

**II.**

A statute is presumed to be constitutional and will not be invalidated un-

---

1. All statutory references cite to RSMo 2000 unless otherwise indicated.

2. Appellants included the State of Missouri, Governor Bob Holden, the Missouri State Board of Education, and the Board of Election Commissioners of the City of St. Louis.

3. Respondents included Albert E. Bender, Harold M. Brewster, Marlene E. Davis, William C. Haas, John P. Mahoney, Marybeth McBryan, Paulette McKinney, William Purdy, and Madye Henson Whitehead. McBryan, Mahoney, and Bender were seeking candidacy for the school board election.

4. Section 1.140.

less it "clearly and undoubtedly" violates some constitutional provision and "palpably affronts fundamental law embodied in the constitution."[5] The burden to prove a statute unconstitutional is upon the party bringing the challenge.[6] The standard for determining whether a statute is void for vagueness is whether the terms or words used are of "common usage and are understandable by persons of ordinary intelligence."[7] "Where, however, the statutory terms are of such uncertain meaning, or so confused that the courts cannot discern with reasonable certainty what is intended, the statute is void."[8]

▮ Prior to section 162.601 being amended, the Board was composed of twelve members holding staggered six-year terms, and four members were elected at municipal elections in odd-numbered years. Section 162.601 currently provides in pertinent part:

2. No board members shall be elected at the first municipal election in an odd-numbered year next following August 28, 1998.

3. Three board members shall be elected at the second municipal election in an odd-numbered year next following August 28, 1998, to serve four-year terms.

4. Four board members shall be elected at the third municipal election in an odd-numbered year next following August 28, 1998, and two of such members shall be elected to four-year terms and two of such members shall be elected to three-year terms.

* * *

6. Members of the board of directors shall be elected to represent seven subdistricts. The subdistricts shall be established by the state board of education to be compact, contiguous and as nearly equal in population as practicable. The subdistricts shall be revised by the state board of education after each decennial census and at any other time the state board determines that the district's demographics have changed sufficiently to warrant redistricting.

7. A member shall reside in and be elected in the subdistrict which the member is elected to represent. Subdistrict 1 shall be comprised of wards 1, 2, 22 and 27. Subdistrict 2 shall be comprised of wards 3, 4, 5 and 21. Subdistrict 3 shall be comprised of wards 18, 19, 20 and 26. Subdistrict 4 shall be comprised of wards 6, 7, 17 and 28. Subdistrict 5 shall be comprised of wards 9, 10, 11 and 12. Subdistrict 6 shall be comprised of wards 13, 14, 16 and 25. Subdistrict 7 shall be comprised of wards 8, 15, 23 and 24.

* * *

It is clear from the language of the amended statute that section 162.601 phases in a reduction in the number of Board positions from twelve to seven. However, the election process from which individual Board members are to be elected is unclear. While subsection 6 provides that the municipality's board members will be elected to represent seven subdistricts and subsection 3 states three Board members were to be elected during the April 3, 2001 election, it is not stated which three sub-

---

5. Linton v. Missouri Veterinary Medical Bd., 988 S.W.2d 513, 515 (Mo. banc 1999); State v. Stokely, 842 S.W.2d 77, 79 (Mo. banc 1992).

6. Id.

7. State v. Mahurin, 799 S.W.2d 840, 842 (Mo. banc 1990).

8. Lincoln Credit Co. v. Peach, 636 S.W.2d 31, 36 (Mo. banc 1982).

districts were to hold the elections. Without this information the Board could not determine if the potential candidates met the residency requirement in subsection 7.

■■■ The State cites to *Spitcaufsky v. Hatten*[9] for the proposition that the Board, like all other administrative agencies, has the power to fill in the details of a statute that the legislature left unspecified.[10] The State argues sections 115.125, 115.127.2 and 115.127.5 confer the necessary authority to the Board to supply the missing details for conducting the election. Together these statutes require "the officer or agency calling the election" to notify the election authorities, and the public, of the name of the officer or agency calling the election, the office to be filled, and the date and time of the election.

Administrative agencies possess only those powers conferred or necessarily implied by statute.[11] The scope of power and duties for public agencies is narrowly limited to those essential to accomplish the principal purpose for which the agency was created.[12] The Board was created to supervise and govern St. Louis public schools and school property, not to regulate elections.[13] The Board's statutory obligation to call an election is purely a ministerial duty, not discretionary, and does not involve determining how the election is conducted.[14]

There is additional contradictory language between the subsections of section 162.601. Subsection 6 states "[t]he subdistricts shall be established by the state board of education" while subsection 7 preemptively identifies the ward composition of each of the seven subdistricts.

The State claims that the initial establishment of the subdistricts in subsection 7 can be harmonized with the language in subsection 6 requiring the state school board to establish those same subdistricts. The State asserts that the word "establish" refers, not to the initial creation of the subdistricts, but rather as to "how" the state board of education is required to revise the subdistricts after each decennial census.

■■■ Subsection 6 states, in two distinct sentences, that the "subdistricts *shall* be established by the state board of education," and that the "subdistricts *shall* be revised by the state board of education." (Emphasis added). As defined in Webster's Dictionary,[15] "establish" means "to bring into existence, create, make, start, originate, found, or build as permanent or with permanency in view." The plain and common meaning of the word "establish" in this context means the initial designation, which the legislature specifically separated from the function of revising the composition of the subdistricts based upon the decennial census. Consequently, the delegation of authority to "establish" the subdistricts in subsection 6 followed by the creation of the ward composition of those same subdistricts in subsection 7 presents a contradiction that is not reconcilable as the State contends.

9.  353 Mo. 94, 182 S.W.2d 86 (1944) (overruled on other grounds).

10.  *Id.* at 109, 182 S.W.2d 86.

11.  *Bodenhausen v. Missouri Bd. Of Registration for Healing Arts*, 900 S.W.2d 621, 622 (Mo. banc 1995); *State ex rel. Twenty–Second Judicial Circuit v. Jones*, 823 S.W.2d 471, 476 (Mo. banc 1992).

12.  *In Re C.A.D.*, 995 S.W.2d 21, 31 (Mo.App. 1999), *citing to, State ex rel. McKittrick v.*

*Wymore*, 345 Mo. 169, 132 S.W.2d 979, 987 (banc 1939).

13.  Sections 162.571 and 162.621.

14.  *State ex rel. Kugler v. Tillatson*, 312 S.W.2d 753, 756 (Mo. banc 1958); *State ex rel. Gault v. Gill*, 190 Mo. 79, 88 S.W. 628, 630 (1905).

15.  Webster's Third New International Dictionary 778 (1993).

## III.

The courts cannot transcend the limits of their constitutional powers and engage in judicial legislation supplying omissions and remedying defects in matters delegated to a coordinate branch of our tripartite government.[16] The terms of section 162.601.6 and .7 are of such uncertain and contradictory meaning that this Court is unable to discern with reasonable certainty what was intended. The lack of legislative power to supplement or correct the identified deficiencies by either the Board or the courts renders these provisions constitutionally void for vagueness. The circuit court properly followed the mandate of the severance statute, section 1.140, when it struck the offending subsections of section 162.601.[17] The remaining subsections are not so essentially and inseparably connected with, and so dependent upon, the void provisions as to render them invalid, and in conjunction with the default section 162.581, provided the necessary terms to carry out a valid general election for school board members on April 3, 2001.

The judgment is affirmed.

PRICE, C.J., LIMBAUGH, HOLSTEIN, BENTON and STITH, JJ., and MESLE, Sp.J., concur.

WOLFF, J., not participating.

---

**16.** State ex rel. Mercantile Nat'l Bank v. Rooney, 402 S.W.2d 354, 362 (Mo. banc 1966); *Missouri Pacific Railroad Co. v. Morris,* 345 S.W.2d 52, 57 (Mo. banc 1961), and *Diemer v. Weiss,* 343 Mo. 626, 122 S.W.2d 922, 923 (banc 1938); State ex rel. Crow v. West Side St. Ry. Co., 146 Mo. 155, 47 S.W. 959, 961 (1898). See also *Lodderhose v. City of Ferguson,* 837 S.W.2d 361, 363 (Mo.App.1992); *State ex rel. Adams v. Corrigan,* 538 S.W.2d 372, 373 (Mo.App.1976).

**17.** See also *National Solid Waste Management Ass'n v. Director of Dept. of Natural Resources,* 964 S.W.2d 818, 822 (Mo. banc 1998); *Associated Indus. v. Director of Revenue,* 918 S.W.2d 780, 784 (Mo. banc 1996).