STATE of Missouri, Respondent,

v.

Robert Maladolado YBARRA, Appellant.

No. 50391.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Edward A. Glenn, Sp. Asst. Atty. Gen., Louisiana, Mo., for respondent.

J. K. Owens, Kansas City, for appellant.

BARRETT, Commissioner.

The appellant, Robert M. Ybarra, age 39, with a prior felony conviction in New Mexico of "indecent exposure" to a minor (N.Mex.R.S.1953, § 40–34–21; [1] RSMo 1959, § 563.160, V.A.M.S.) has now been found guilty of the offense of statutory rape upon Sheila, a child ten years old, and sentenced by the court to 15 years' imprisonment. RSMo 1959, §§ 559.260, 556.290, V.A.M.S. In appropriate language an amended information charged the prior offense in New Mexico (State v. Brewer, Mo., 338 S.W.2d 863) and substantially in the language of the statute that on January 6, 1963, Robert Ybarra "in and upon one Sheila * * * a female child under the age of sixteen (16) years, to wit: of the age of ten (10) years, did make an assault upon her, the said Sheila * * * then and there did unlawfully and feloniously carnally know and abuse her * * *." State v. Trumbull, Mo., 182 S.W.2d 524.

These in brief were the facts as the jury could reasonably find them: Sheila's older sister, Cecilia, age 16, against the express command of her father but disapprovingly known to her mother, was surreptitiously "dating" the appellant Ybarra and had been for almost a year. On Sunday January 6, 1963, about 6 o'clock in the afternoon, after a telephone call, Cecilia asked her mother's permission to go with Bob (Ybarra) to Katz Drug Store. At the same time she asked if Sheila "could ride along with them," promising that they would return before 8 o'clock, Sheila's bedtime. The mother assented and Ybarra picked the girls up on the corner where Cecilia "usually met him." They stopped at Katz Drug Store and Ybarra went in alone for a few minutes and then drove on to his apartment at 424 Askew. Cecilia and Bob "went up to" his apartment and in a few minutes he returned to the automobile with a sweater he had promised Sheila, reporting that Cecilia was cleaning his apartment. Ybarra got in the car and drove off with Sheila and, she says, "he drove to Cliff Drive, and he had told me before that I had some kind of disease, and when I grew up it might— I might be blind or I might die, and then he said he had to examine me, and he said that I couldn't go to a doctor because my mother or father had to be with me, and so then he laid me down in the front seat of the car and took off my pants, and then he took off his." It is not necessary to further set forth the details, despite Sheila's screams Ybarra proceeded to rape her. Sheila

1. 1953 Comp.N.M. § 40A–9–8.

bleeding profusely "told him I had to go to the bathroom and he wouldn't take me to a decent place so I could go, he made me go up on a hill, and then I discovered blood all over my dress and I started screaming" and then he drove to a street corner near her home and let her out with a warning that if she said anything "I'd get my big sister in trouble." It was then about 7 o'clock and Sheila's mother soon discovered the bloody clothes and called her husband's attention to her condition and he called the police. The police and her father took Sheila to a hospital and later, under anesthetic, she was examined by a gynecologist who described her considerable injuries.

The facts have been recited in this manner not alone to indicate that the evidence plainly supports the charge and finding (State v. Trumbull, supra) but to refute as a matter of fact the assignments of error briefed and argued by present counsel for the appellant. The court gave an instruction which told the jury that "the intent with which an act is done" may be proved by direct evidence or inferred from all the facts and circumstances. Because the court gave that instruction it is now urged that the court prejudicially erred in not also giving "a circumstantial evidence instruction."

■ It may be noted in passing that *age* is the essential element in statutory rape (State v. Baker, Mo., 276 S.W.2d 131) and intent and motive play but little if any part in the substantive offense. State v. Hersh, Mo., 296 S.W. 433. But it is not necessary to a disposition of this appeal to consider whether the court should have given the initial instruction on intent or to say whether the court was bound as a part of the law of the case (RSMo 1959, § 546.070(4), V.A.M.S.; Sup.Ct. Rule 26.02 (6) to instruct upon the subject of circumstantial evidence. It is certain that the cases cited by appellant's counsel, State v. St. Clair, Mo., 262 S.W.2d 25 (in which he was of counsel), State v. Kinard, Mo., 245 S.W. 2d 890, and State v. Mitchell, Mo., 276

S.W.2d 163, do not relate to the necessity of instructions on circumstantial evidence. But here, as even a casual recital indicates, "the evidence was not wholly circumstantial" and therefore the court was not obliged as a part of the law of the case to instruct upon the subject. State v. Neal, 350 Mo. 1002, 1003, 169 S.W.2d 686, 694.

The other point, unsupported by specific demonstration upon the record and by lack of citation of authority (24A C.J.S. Criminal Law § 1849, p. 621), other than a passing reference to Sup.Ct. Rule 29.01 relating to a defendant's right to counsel, is that "although his attorney was of his own picking" the appellant was not "afforded an attorney as prescribed by law." In this connection present counsel expresses the opinion that trial counsel did not have "sufficient experience and knowledge in criminal cases to protect this defendant's interests."

■ The short answer to these assertions is that they are unfounded. In the face of the circumstances of this record it is not readily apparent just what even most resourceful and eminent counsel could have done other than to earnestly present as trial counsel did by the testimony of Sheila's sister, Cecilia (Ybarra did not testify), the defendant's claim of not guilty by reason of a lack of opportunity, a plea in the nature of an alibi. In view of the awesome responsibility upon counsel in this particular case, the strategy of defense, what witnesses should be called, what questions asked, what objections should be made, was entirely a matter of intuitive judgment. State v. Turner, Mo., 353 S.W.2d 602, 605; In re Goodwin, Mo., 359 S.W.2d 601.

■ In addition to qualified trial counsel, a respected and experienced trial judge presided over the appellant's trial, he was "entitled to a fair trial but not a perfect one." State v. Turner, 353 S.W.2d 1. c. 602. The assignments of error presented by present counsel are without merit and in addition there are no errors upon the record before

the court (Sup.Ct. Rule 28.02) and the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.