STATE of Missouri, Appellant,

v.

Leslie DUGGAR, Respondent.

No. 72620.

Supreme Court of Missouri,
En Banc.

March 5, 1991.

As Modified on Denial of
Rehearing April 9, 1991.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for appellant. ·

Charles D. Moreland, West Plains, for respondent.

RENDLEN, Judge.

Ruling § 568.040, RSMo 1986, unconstitutionally vague for failure to define the term "minor" child, the trial court dismissed an information charging defendant with failure to support his child. The cause comes to this Court under Mo. Const. art. V, § 3, and we reverse and remand.

Defendant was charged by information asserting that:

> in violation of Section 568.040, RSMo, [he] committed the class A misdemeanor of non-support, punishable upon conviction under Sections 558.011.1(5) and 560.-011, RSMo, between the dates of December 2, 1988 and January 3, 1990 in the County of Howell, State of Missouri, the defendant knowingly failed to provide, without good cause, adequate food, clothing, and lodging, for the defendant's minor child, for whom defendant was legally obligated to provide such support.

The trial court sustained defendant's motion for bill of particulars, ordering the state to specify the name and date of birth of the minor child and whether the nonsupport encompassed all dates inclusive between December 2, 1988, and January 3, 1990, or specific dates contained therein. Responding, the State averred the child was "Angela Dawn Duggar, d/o/b 12–17–71," and the period of nonsupport included December 2, 1988, through January 5, 1990, whereupon the trial court sustained defendant's motion to dismiss, declaring the statute was constitutionally infirm under the vagueness doctrine.[1]

> Section 568.040.1, RSMo 1986, provides:

> a parent commits the crime of non-support if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his *minor* child or his stepchild. (Emphasis supplied).

---

1. The trial court further granted leave to amend the information to state that the dates of alleged nonsupport began on January 3, 1989.

Parents have a legal obligation to provide for their minor children, *State v. Nichols*, 725 S.W.2d 927, 928 (Mo.App.1987), and the statute imposes such obligation without reference to the marital status of the parties. *State v. Davis*, 469 S.W.2d 1, 3 (Mo. 1971). "Child" is defined as "any natural or adoptive, legitimate or illegitimate child," § 568.040.2(2); however, "minor" is not defined, and it is clear that while Angela Duggar reached the age of eighteen on December 17, 1989, the nonsupport is alleged to have continued until January 3, 1990.

█ The sole issue is whether employment of the term "minor" *sans* explicit statutory definition renders the section unconstitutionally vague in violation of the Due Process clause. "[N]otice and fair warning require that 'laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'" *State v. Brown*, 660 S.W.2d 694, 697 (Mo. banc 1983) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972)). Further, "the vagueness doctrine assures that guidance, through explicit standards, will be afforded to those who must apply the statute, avoiding possible arbitrary and discriminatory application." *Id.* Though statutes "should be so worded that one may know whether he is violating the law, ... if the law is susceptible of any reasonable and practical construction which will support it, it will be held valid, and ... the courts must endeavor, by every rule of construction, to give it effect." *City of St. Louis v. Brune*, 520 S.W.2d 12, 16–17 (Mo. 1975). Other provisions of Chapter 568 have weathered vagueness challenges. For example, in *Brown*, we held the meaning of the term "cruel and inhuman punishment" of a child less than seventeen years of age, § 568.060.1(a), was not unacceptably obscure, 660 S.W.2d at 697–98, and in *State v. Helgoth*, 691 S.W.2d 281, 283–84 (Mo. banc 1985), section 568.060.1(b), which criminalizes photography of nude children younger than seventeen "for the purpose of sexual stimulation or gratification," was held not unconstitutionally vague.

Similarly, we hold that the term "minor" child does not fail to give those of ordinary intelligence reasonable opportunity to know what is prohibited, nor does it fail to provide an acceptable standard for those who apply the statute. Neither absolute certainty nor impossible standards of specificity are required; instead the test is "whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *State v. Crawford*, 478 S.W.2d 314, 317 (Mo.1972) (quoting *State v. Smith*, 431 S.W.2d 74, 78 (Mo.1968)). At common law the age of majority was traditionally twenty-one years, *Biermann v. Biermann*, 584 S.W.2d 106, 107 (Mo.App. 1979), and "statutes are to be construed in a way that synchronizes their meaning with the existing common law." *Lawson Rural Fire Association v. Avery*, 764 S.W.2d 113, 116 (Mo.App.1988). "It is a familiar rule of construction that where a statute uses words which have a definite and well known meaning at common law it will be presumed that the terms are used in the sense in which they were understood at common law, and they will be so construed unless it clearly appears that it was not so intended." *Maltz v. Jackoway–Katz Cap Co.*, 336 Mo. 1000, 82 S.W.2d 909, 912 (1934). See also *United States v. Spencer*, 839 F.2d 1341, 1343 (9th Cir.1988), *cert. denied*, 487 U.S. 1238, 108 S.Ct. 2908, 101 L.Ed.2d 939 (1988), which held the common law meaning of a term used in a criminal statute was a source of statutory precision in determining whether the statute was impermissibly vague.

█ As an alternative to the vagueness challenge, defendant would have us consider § 568.040 as *in pari materia* with the remaining provisions of Chapter 568, suggesting that the term "minor" in the questioned section should be construed as referring to children less than seventeen years of age. This suggestion is not well taken, as the statutes proscribing endangerment of the welfare of a child, § 568.050, abuse of a child, § 568.060, and using a child in sexual performance or promoting such, §§ 568.080, 568.090, all specifically apply to a child "less than seventeen years old."

"Statutes are *in pari materia* when they are upon the same matter or subject, and the rule of construction in such instances proceeds upon the supposition that the several statutes relating to one subject were governed by one spirit and policy and were intended to be consistent and harmonious in their several parts and provisions." *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710, 715 (Mo. banc 1977) (quoting *State ex rel. Cairo Bridge Commission v. Mitchell*, 352 Mo. 1136, 181 S.W.2d 496, 499 (banc 1944)) (citations omitted). Though the referenced statutes stem from the salutary policy of protecting children, the legislature expressly employed different language in those provisions. The term "minor child" does not appear in the cited sections, though it is employed in § 568.070.1(2), which forbids permitting "a minor child to enter or remain in a place where illegal activity in controlled substances, as defined in chapter 195, RSMo, is maintained or conducted." The legislature is presumed to have intended each word in a statute to have meaning, and by expressly employing the words "minor child" without definition, the legislature is presumed to have intended a distinction between § 568.040 and these statutes where the word "child" is limited to those of specific ages.

Finally, we have considered that Mo. Const. art. VIII, § 2, gives eighteen-year-olds the right to vote, and that numerous statutory provisions extend substantial rights to those of that age or older, including the right to marry without parental consent, § 451.090.2, to bring civil suits on their own behalf, § 507.115, to execute binding contracts, § 431.055, to serve as guardians, §§ 475.010(1), 475.055.1(1), and to purchase lottery tickets. § 313.280. However, a variety of privileges remain limited to those twenty-one years of age or older, such as the right to purchase alcohol, § 311.325, or concealable firearms. § 571.090.1. Further, § 452.340.3, effective July 27, 1989, provides that a parental obligation of support under a dissolution decree ceases when a child becomes eighteen or graduates from a secondary school, unless he is incapacitated or enrolled in a program of vocational or higher education, but in this case there has been no order of child support and that section apparently does not come into play.

We hold that § 568.040 is not impermissibly vague, and accordingly reverse and remand for further proceedings.

BLACKMAR, C.J., ROBERTSON, HIGGINS, COVINGTON and HOLSTEIN, JJ., and SEILER, Senior Judge, concur.

BILLINGS, J., not sitting.