STATE of Missouri, Respondent,

v.

**William B. STOKELY, Appellant.**

Nos. 74370, 74371.

Supreme Court of Missouri, En Banc.

Nov. 24, 1992.

Rehearing Denied Dec. 18, 1992.

Albert C. Lowes, David J. Roth II, Cape Girardeau, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Robin H. Grissom, Asst. Attys. Gen., Jefferson City, for respondent.

THOMAS, Judge.

Defendant, William B. Stokely, was found guilty of four counts of statutory rape under section 566.030.3.[1] Section 566.030.3 provides that "[a] person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old." Stokely waived his right to a jury trial and proceeded in a bench trial before Judge Limbaugh of the Circuit Court of Cape Girardeau County. Judge Limbaugh found that Stokely engaged in consensual sexual intercourse with a thirteen-year-old girl. Stokely was sentenced to five years imprisonment on each count to be served concurrently. These sentences were suspended, and Stokely was placed on five years probation.

Stokely appealed his conviction. First, Stokely claims that section 566.030.3 violates equal protection under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri Constitution. Second, Stokely contends that section 566.030.3 is unconstitutional under the due process clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution. Third, Stokely asserts that section 566.030.3 violates his right to confront a witness against him as guaranteed by the Sixth Amendment of the United States Constitution. Because the

1. All references to statutes are to RSMo 1986.

constitutionality of section 566.030.3 is called into question, this Court has exclusive appellate jurisdiction under Article V, Section 3 of the Missouri Constitution. Section 566.030.3 is valid and does not violate either the United States or Missouri Constitutions. The judgment is affirmed.

## CONSTITUTIONALITY OF SECTION 566.030.3

This Court has held that statutes are presumed to be constitutional. A statute will be found unconstitutional only if it clearly contravenes a constitutional provision. *State v. Young*, 695 S.W.2d 882 (Mo. 1985); *State v. Brown*, 660 S.W.2d 694 (Mo.1983); *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69 (Mo.1982). Furthermore, if it is at all feasible to do so, statutes must be interpreted to be consistent with the constitutions. *Young*, 695 S.W.2d at 883; *State Highway Comm'n v. Spainhower*, 504 S.W.2d 121, 125 (Mo.1973). Finally, any doubts concerning the constitutionality of a statute will be resolved in favor of validity. *Young*, 695 S.W.2d at 883; *State ex rel. McClellan v. Godfrey*, 519 S.W.2d 4, 8 (Mo. 1975).

### A. Equal Protection

Stokely submits that section 566.-030.3 violates the equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri Constitution. Equal protection mandates that persons similarly situated in relation to a statute be treated the same. *Rinaldi v. Yeager*, 384 U.S. 305, 309, 86 S.Ct. 1497, 1499, 16 L.Ed.2d 577 (1966). Discrimination based on sex is a constitutionally suspect classification subject to intermediate scrutiny. The test that the United States Supreme Court has designated for gender based discrimination to be constitutional is that the "classifications ... must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1976); *Michael M. v.*

*Superior Court of Sonoma County,* 450 U.S. 464, 469, 101 S.Ct. 1200, 1204, 67 L.Ed.2d 437 (1981). However, in this case, Stokely has failed to prove any discrimination between males and females, and this Court does not have to apply this test.

Stokely claims that his right to equal protection is violated in two ways. First, that discrimination based on gender appears on the face of section 566.030.3. The United States Supreme Court has held that a statute discriminatory on its face is unconstitutional. *Strauder v. West Virginia,* 100 U.S. 303, 25 L.Ed. 664 (1880). Second, Stokely contends that even if the statute is neutral on its face, the manner in which section 566.030.3 is applied is discriminatory. The United States Supreme Court has also held that discriminatory application of a facially neutral statute is unconstitutional. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

■ Stokely asserts that section 566.-030.3, on its face, violates equal protection by prohibiting conduct by males but not by females. This is clearly erroneous. Stokely claims that section 566.030.3 only applies to males because the statutory language is written in the masculine gender. Actually, section 566.030.3 also applies to females. *See State v. Perkins,* 831 S.W.2d 637 (Mo. App.1992). Section 1.030.2 provides that when the language of a statutory provision uses the masculine gender, females are also included.[2] *In the Matter of the Estate of Maxey v. Maxey,* 585 S.W.2d 326, 330 n. 6 (Mo.App.1979). Because section 566.-030.3 does encompass the conduct of both males and females, there is no violation of the equal protection clauses of the United States or Missouri Constitutions.

■ Stokely makes a rather cursory argument that even if section 566.030.3 is gender neutral on its face, males are prosecuted disproportionately compared to females. In other words, Stokely asserts that the statute is being applied in a discriminatory manner. Stokely, however, fails to prove "sufficient facts to take the

question past the frivolous state and raise a reasonable doubt as to the prosecutor's purpose." *United States v. Larson,* 612 F.2d 1301, 1305 (8th Cir.1980). The defendant has the burden of proof to show discriminatory prosecution by proving two elements. First, a defendant must demonstrate that while he is singled out for prosecution others similarly situated have not been prosecuted for committing the same crime. *Id.* at 1304. Second, the defendant must show that this selection for prosecution by the State is grounded upon some discriminatory basis, i.e., race, religion, etc. *Id.*

■ In this case, Stokely asserts that while females are probably committing statutory rape, they are not being prosecuted. Stokely fails to produce any evidence that this is actually occurring. Therefore, Stokely has failed to prove that section 566.030.3 is being applied in a discriminatory manner. Stokely has not proven that his right to equal protection has been violated.

### B. Due Process

■ Stokely claims that section 566.030.3 violates the notice requirement of due process because it is unconstitutionally vague. There are two types of vagueness that may render a statute unconstitutional. The first form of vagueness is whether on the face of the statute a potential offender lacks notice. One lacks notice if "the statute is so unclear that '[people] of common intelligence must necessarily guess at its meaning.'" *Young,* 695 S.W.2d at 884 (quoting *Connally v. General Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *State ex rel. Williams v. Marsh,* 626 S.W.2d 223 (Mo.1982).

---

**2.** Section 1.030.2 provides: "When any subject matter, party or person is described or referred to by words importing the singular number or

the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, are included."

Vagueness, in its second form, involves how the statute is applied. There must be sufficient guidance provided by the statute so as to avoid arbitrary and discriminatory applications. *Grayned*, 408 U.S. at 108, 92 S.Ct. at 2299; *Papachristou*, 405 U.S. at 162, 92 S.Ct. at 843; *State v. Brown*, 660 S.W.2d 694, 697 (Mo.1983); *Marsh*, 626 S.W.2d at 233.

Stokely contends that his right to due process is violated because section 566.020.2 provides that mistake as to age is not a defense to statutory rape.[3] Stokely asserts that because a person might lie about being over the age of fourteen, the statute is void for vagueness. This, however, does not make the statute vague. Section 566.030.3, on its face, indicates that for statutory rape *"age is the essential element." State v. Ybarra*, 386 S.W.2d 384, 386 (Mo.1965). Furthermore, section 566.-020.2 clearly notifies potential offenders that mistake concerning a victim's age is not a valid defense and will not be considered by a court.

In addition, section 566.030.3 gives a prosecutor sufficient guidance to determine who may be charged with statutory rape. Section 566.030.3 requires that two elements must be satisfied before a person can be charged with committing statutory rape. First, the defendant and the victim are not married. Second, the victim is under fourteen years of age. These two elements provide specific requirements to prevent arbitrary and discriminatory prosecutions by the State. Section 566.030.3 is not unconstitutionally vague.

## C. Right to Confront Witnesses

Stokely also asserts that section 566.030.3 violates his Sixth Amendment right to confront and cross-examine the victim. Basically, Stokely wants to introduce evidence that the victim previously told him that she was over the age of fourteen and that she consented to sexual intercourse. This argument has no merit. Statutory rape is a strict liability crime.

*"[A]ge* is the essential element in statutory rape," and the intent of the perpetrator and the consent of the victim are irrelevant. *Ybarra*, 386 S.W.2d at 386; *State v. Baker*, 276 S.W.2d 131, 133 (Mo.1955).

As a result, whether or not the victim told Stokely that she was older than fourteen years of age is not an issue. The rules of evidence provide that only evidence relevant to a material issue is admissible. *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo.1991); *In re Passman*, 537 S.W.2d 380, 386 (Mo.1976). The Sixth Amendment guarantees a defendant the right to confront and cross-examine witnesses on material issues. *State v. Rodebush*, 487 S.W.2d 531 (Mo.1972); *State v. Pigques*, 310 S.W.2d 942 (Mo.1958); *State v. Ingram*, 286 S.W.2d 733 (Mo.1956); *State v. Thompson*, 280 S.W.2d 838 (Mo.1955); *State v. Ford*, 228 S.W. 480 (Mo.1921); *State v. Summers*, 506 S.W.2d 67, 73 (Mo.App. 1974). Conversely, the defendant has no right to confront witnesses concerning issues not material under the applicable substantive law. The law regarding statutory rape provides that a person protected under the statute is incapable of consenting to sexual intercourse and, therefore, consent is no defense. *State v. Lawson*, 136 S.W.2d 992 (Mo.1940); *State v. Cochrell*, 492 S.W.2d 22, 26 (Mo.App.1973). This is true regardless of whether the person under the age of fourteen has lied about his or her age. For a statutory rape prosecution, the consent of a victim or a statement by the victim that he or she is older than fourteen is not relevant and, therefore, is inadmissible.

Stokely did not have a right to cross-examine the thirteen-year-old girl concerning whether she lied about her age or whether she consented to sexual intercourse. *Oldaker*, 817 S.W.2d at 250. Therefore, Stokely's Sixth Amendment right of confrontation was not violated.

The judgment of the trial court is affirmed.

---

**3.** Section 566.020.2 provides: "Whenever in this chapter the criminality of conduct depends upon a child's being under the age of fourteen, it is no defense that the defendant believed the child to be fourteen years old or older."

ROBERTSON, C.J., COVINGTON, HOLSTEIN, BENTON and PRICE, JJ., and FLANIGAN, Special Judge, concur.

LIMBAUGH, J., not sitting.