**STATE of Missouri, Appellant,**

v.

**Joseph CALLEN, Respondent.**

**No. SC 83206.**

Supreme Court of Missouri,
En Banc.

May 29, 2001.

Dwight K. Scroggins, Jr., Pros. Atty., Hershel D. Shepherd, Asst. Pros. Atty., St. Joseph, for appellant.

Cole E. Eason, Office of the Public Defender, St. Joseph, for respondent.

LIMBAUGH, Judge.

This case involves a facial challenge to the validity of section 557.035, RSMo Supp. 1999, the "hate crimes" statute, which provides enhanced penalties for specified crimes when certain motivational factors are pleaded and proved. The case commenced on June 5, 2000, when defendant Joseph Callen was charged with the class D felony of trespass in the first degree under section 569.140, RSMo 1994, and the enhanced punishment provision of section 557.035.2. He filed a motion to dismiss, which the trial court sustained, on the ground that section 557.035.2 is unconstitutionally vague. This appeal followed. Jurisdiction is based on article V, section 3, of the Missouri Constitution.

Section 557.035 states in pertinent part:

1. For all violations of subdivision (1) of subsection 1 of section 569.100, RSMo [property damage in the first degree], or subdivision (1), (2), (3), (4), (6), (7) or (8) of subsection 1 of section 571.030, RSMo [unlawful use of weapons], which the state believes to be knowingly motivated because of race, color, religion, national origin, sex, sexual orientation or disability of the victim or victims, the state may charge the crime or crimes under this section, and the violation is a class C felony.

2. For all violations of section 565.070, RSMo [assault in the third degree]; subdivisions (1), (3) and (4) of subsection 1 of section 565.090, RSMo [harassment]; subdivision (1) of subsection 1 of section 569.090, RSMo [tampering in the second degree]; subdivision (1) of subsection 1 of section 569.120, RSMo [property damage in the second degree]; section 569.140, RSMo [trespass in the first degree]; or section 574.050, RSMo [rioting]; which the state believes to be knowingly motivated because of race, color, religion, national origin, sex, sexual orientation or disability of the victim or victims, the state may charge the crime or crimes under this section, and the violation is a class D felony.

3. The court shall assess punishment in all of the cases in which the state pleads and proves any of the motivating factors listed in this section.

. . .

■ There are two controlling standards for vagueness challenges to a criminal statute. First, a statute is vague if it "fails to give notice to potential offenders

of the prohibited conduct." *State v. Knapp,* 843 S.W.2d 345, 349 (Mo. banc 1992). In that regard, "notice is inadequate when the terms of the statute are so unclear that people of common intelligence must guess at their meaning." *Id.* Second, "a statute is vague if it lacks explicit standards necessary to avoid arbitrary and discriminatory application by the state." *Id.*

Callen does not invoke these standards to challenge the motivational factors themselves, but instead targets the requirement that "the state believes" that a violation of one of the enumerated criminal statutes was "knowingly motivated because of race, color, religion...." The "state believes" requirement is vague, he explains, because "[n]o person is on notice as to what the state believes, and no person could ever have a fair warning as to what the state believes regarding the motive element of a crime." He adds that "... a person reading the statute ... is left to speculate as to what the state might believe with regard to some person's conduct."

The fallacy of Callen's position is that he wrongly assumes that the "state believes" provision is an element of the crime. In our view, that provision is an element of the crime *only if it is read in isolation,* disregarding subsection 3 of the statute, which requires the state to plead and prove one or more of the motivating factors listed in order for enhanced punishment to be assessed. Reading the statute's subsections together, the presence of motivating factors, rather than the state's belief in the presence of those factors, is the additional element of the crime that is subject to the vagueness rule. The "state's belief" provision, though poorly worded, is no more an element of the crime than the verification by the prosecuting attorney on a criminal complaint or information that the charges are brought "upon information and belief." *See* secs. 545.240, 545.270, RSMo 2000; Rule 22.02(e). Indeed, the state's belief as to the defendant's motives—like the prosecutor's verification of a complaint or information—is simply a procedural prerequisite to the filing of the charge in the first place, a mechanism designed to ensure the prosecutor's "good faith" in bringing the charge. *See State v. Kenney,* 973 S.W.2d 536, 544 (Mo.App.1998).

For these reasons, the vagueness challenge is rejected. The judgment of the trial court sustaining defendant's motion to dismiss is reversed, and the case is remanded.

PRICE, C.J., HOLSTEIN and BENTON, JJ., concur.

WHITE, J., dissents in separate opinion filed.

WOLFF and LAURA DENVIR STITH, JJ., concur in opinion of WHITE, J.

WHITE, Judge, dissenting.

Section 557.035 increases the penalties for enumerated crimes when the "state believes" they are "knowingly motivated" by race, color, religion, national origin, sex, sexual orientation or disability. In *Wisconsin v. Mitchell,*[1] the United States Supreme Court sanctioned such sentencing increases, but the statute in question in *Mitchell* required the state to prove that the defendant "intentionally selected" his victim based upon the discriminatory fac-

---

**1.** *Wisconsin v. Mitchell,* 508 U.S. 476, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993). *See also R.A.V. v. City of St. Paul, Minnesota,* 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992); *State v. Vanatter,* 869 S.W.2d 754, 756–57 (Mo. banc 1994).

tors outlined in the statute.[2] To face the higher penalties under Missouri's statute requires only a subjective belief by the State that the underlying crime was "knowingly motivated" by discriminatory animus. Since discriminatory beliefs and biases are subject to First Amendment protection, a would-be offender would not have notice of when his or her legally protected thoughts might cross into the no-man's land of the "state's beliefs" and subject them to enhanced criminal penalties for actions wholly unrelated to those thoughts.

Vagueness occurs where there is insufficient explicit statutory guidance so as to avoid arbitrary and discriminatory applications.[3] Since the statute seeks punishment for motives stemming from beliefs and biases which are lawful to hold and express, application of the vagueness doctrine in construing this statute requires greater legislative clarity than in statutes where fundamental rights are not so seriously implicated.[4] The subjective nature of this statute, coupled with a lack of guidance as to how to apply it, fosters both arbitrary and discriminatory applications of this law. I would affirm the trial court and hold that section 557.035 is void for vagueness.

---

**2.** *Mitchell,* 508 U.S. at 480–83, 113 S.Ct. 2194.

**3.** *State v. Duggar,* 806 S.W.2d 407, 408 (Mo. banc 1991); *State v. Stokely,* 842 S.W.2d 77, 80 (Mo. banc 1992); *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 233 (Mo. banc 1982); *State v. Brown,* 660 S.W.2d 694, 697 (Mo. banc 1983); *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

**4.** *Smith v. Goguen,* 415 U.S. 566, 573, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Labor's Educational and Political Club–Independent v. Danforth,* 561 S.W.2d 339, 347 (Mo. banc 1977).

