David L. HARJOE, Respondent,

v.

HERZ FINANCIAL, Appellant.

No. SC 84858.

Supreme Court of Missouri,
En Banc.

July 1, 2003.

Mary Ann L. Wymore, Kevin F. Hormuth, St. Louis, for appellant.

Karl W. Dickhaus, St. Louis, Max G. Margulis, Chesterfield, for respondent.

Raymond W. Gruender, III, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., Robert D. McCullum, Jr., Atty. Gen., St. Louis, amicus curiae.

Mark B. Stern, Eric D. Miller, U.S. Department of Justice—Civil Division, Washington, D.C., Amicus Curiae (United States of America).

PER CURIAM.

Herz Financial sent David L. Harjoe nine facsimiles, consisting of 18 pages. Harjoe filed this suit claiming a violation of the "Telephone Consumer Protection Act of 1991," 47 U.S.C. section 227.[1] On cross motions for summary judgment, the circuit court entered judgment for Harjoe and awarded him $9,000 and court costs. Herz Financial appeals, challenging the validity of the federal act, a statute of the United States. This Court has jurisdiction. *Mo. Const. article V, section 3.* The judgment is affirmed as modified.

"When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Additionally the non-movant is afforded the benefit of all reasonable inferences contained in the record. *Id.* Review is de novo. *Id.* Because the trial court makes its decision based upon the record submitted and the law, this Court need not defer to the order of the trial court granting summary judgment. *Id.* Generally, summary judgment allows a trial court to enter judgment for a party where they have demonstrated a right to a judgment as a matter of law based upon facts about which there is no genuine dispute. *Id.* "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380.

■ Herz Financial argues the federal statute violates the first and fourteenth amendments to the United States Constitution under the test set out in *Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). Similar claims have been rejected in the following federal court cases: *Missouri ex rel. Nixon v. American Blast Fax, Inc.,* 323 F.3d 649 (8th Cir.2003); *Destination Ventures,*

---

**1.** The pertinent provisions of this section provide:

Sec. 227.—Restrictions on use of telephone equipment
(a) Definitions
* * *
(4) The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission.
(b) Restrictions on use of automated telephone equipment
(1) Prohibitions
It shall be unlawful for any person within the United States—
* * *
(C) to use any telephone facsimile machine, computer, or other device to send an unsolic-

ited advertisement to a telephone facsimile machine;
* * *
(3) Private right of action
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
* * *
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
* * *
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

*Ltd. v. FCC,* 46 F.3d 54 (9th Cir.1995); *Texas v. Am. Blastfax, Inc.,* 121 F.Supp.2d 1085 (W.D.Tex.2000); *Kenro, Inc. v. Fax Daily, Inc.,* 962 F.Supp. 1162 (S.D.Ind. 1997). See also *Moser v. FCC,* 46 F.3d 970 (9th Cir.1995).[2] For the reasons expressed in those opinions, this Court also rejects Herz Financial's first and fourteenth amendment claims.

■ As a second basis for attacking the validity of the federal statute, Herz Financial alleges that the statutory penalty violates due process guarantees and the eighth amendment because the penalty is grossly excessive punishment. *Browning–Ferris Indus. of Vermont, Inc. v. Kelco Disposal Inc.,* 492 U.S. 257, 264, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989), specifically holds that the excessive fine provision of the eighth amendment "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded." The excessive fines clause is intended to constrain the power of the state. "Simply put, the primary focus of the Eighth Amendment was the 'prosecutorial' power, not concern with the extent or purposes of civil damages." *Id.* at 266, 109 S.Ct. 2909.

■ As to Herz Financial's due process claim, it is rejected for the same reasons expressed in *Texas v. Am. Blastfax, Inc.* at 1090 and *Kenro* at 1166. Congress is entitled to consider what penalty is sufficient to deter violation of the statute and induce private persons to sustain the cost of prosecuting the action.

■ Finally, this Court rejects the claim that the federal statute is so vague as to violate the fifth and fourteenth amendments to the United States Constitution.

The principles relating to a void for vagueness challenge were recently restated:

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *State v. Mahan,* 971 S.W.2d 307, 312 (Mo. banc 1998). The void for vagueness doctrine ensures that laws give fair and adequate notice of proscribed conduct and protects against arbitrary and discriminatory enforcement. *Id.* The test in enforcing the doctrine is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *State v. Schleiermacher,* 924 S.W.2d 269, 276 (Mo. banc 1996). However, neither absolute certainty nor impossible standards of specificity are required in determining whether terms are impermissibly vague. *State v. Duggar,* 806 S.W.2d 407, 408 (Mo. banc 1991). Moreover, it is well established that "if the law is susceptible of any reasonable and practical construction which will support it, it will be held valid, and ... the courts must endeavor, by every rule of construction, to give it effect." *Id.* (quoting from *City of St. Louis v. Brune,* 520 S.W.2d 12, 16–17 (Mo.1975)). Finally, courts employ "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe."

*Cocktail Fortune, Inc. v. Supervisor of Liquor Control,* 994 S.W.2d 955, 957–58 (Mo. banc 1999). Applying these principles to the statute in this case, the constitutional challenge is rejected.

---

**2.** For a contrary state court holding, see *Rudgayzer & Gratt v. Enine, Inc.,* 193 Misc.2d 449, 749 N.Y.S.2d 855 (2002).

As its only claim not raising a constitutional issue, Herz Financial contends the trial court assessed the wrong amount of damages. Under 47 U.S.C. 227(b)(3)(B), a person is assessed a minimum of $500 "for each violation." A violation occurs when a person "use[s] any telephone facsimile machine, computer, or other device to send an unsolicited advertisement" to a telephone facsimile machine. *47 U.S.C. 227(b)(1)(C).* An "unsolicited advertisement" is any material advertising the commercial availability or quality of any property, goods, or services. *47 U.S.C. 227(a)(4).*

■ The focus of the statute is on an "advertisement." The trial court found eighteen violations, as Harjoe pleaded it received eighteen pages. The statutory definition of advertisement does not mention a number of pages. Advertisements can be a partial page, one page, or multiple pages. In this case, each advertisement has a cover sheet and an accompanying form on a second page. Each two-page advertisement came weeks apart, during the same transmission. Only nine violations occurred. The judgment is modified to award Harjoe $4,500 plus court costs. *Rule 84.14.*

Herz Financial has abandoned the other points raised in its brief.

The judgment is affirmed as modified.

All concur.