

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102138 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1222-CR06702-01 |
| | ) | |
| RONALD WARD, | ) | Honorable Thomas C. Grady |
| | ) | |
| Appellant. | ) | Filed: March 29, 2016 |

## OPINION

Ronald Ward appeals his convictions following a jury trial in the Circuit Court of the City of St. Louis of four counts of first-degree statutory sodomy. In his sole point on appeal, Ward contends that the trial court erred by refusing to instruct the jury on first-degree sexual misconduct as a lesser included offense of first-degree statutory sodomy. We affirm because first-degree sexual misconduct as defined by section 566.090[1] is *not* a lesser included offense of first-degree statutory sodomy.

### Factual and Procedural Background

Ronald Ward was convicted of four counts of first-degree statutory sodomy, among other offenses, for engaging in a series of illicit sexual activities with his two nieces, neither of whom

---

[1] All statutory references are to RSMo (Supp. 2012) unless otherwise indicated. We note that subsequent to Ward's crimes, in 2013, the offense of first-degree sexual misconduct was transferred to section 566.101 and renamed second-degree sexual abuse. The elements of the offense were not altered.

was above eight years old. At trial, Ward requested that the court instruct the jury on first-degree sexual misconduct, which he claims is a lesser included offense of first-degree statutory sodomy. The trial court refused and this appeal follows.

## Standard of Review

Where the issue is preserved, we review *de novo* a trial court's decision whether to give a jury instruction requested under section 556.046, and if the statutory requirements for giving such an instruction are met, a failure to give a requested instruction is reversible error. *State v. Jackson*, 433 S.W.3d 390, 395 (Mo.banc 2014) (footnote omitted).

## Discussion

An offense is a lesser included offense when (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it is specifically denominated by statute as a lesser degree of the offense charged; or (3) it consists of an attempt to commit the offense charged or to commit an offense otherwise included therein. Section 556.046.1(2).

At the time of Ward's offenses, first-degree sexual misconduct was defined by section 566.090 as "purposely subject[ing] another person to sexual contact without that person's consent." First-degree statutory sodomy, however, was defined by section 566.062 as "ha[ving] deviate sexual intercourse with another person who is less than fourteen years old." Therefore, first-degree sexual misconduct could not be proved by the same or less than all of the facts required to prove first-degree sodomy, but only by *more* facts, namely that the sexual act was committed both "purposely" and "without consent" of the victim.

Moreover, first-degree sexual misconduct is not denominated by statute as a lesser degree of first-degree statutory sodomy, and it does not consist of an attempt to commit the latter

2

offense.  Thus, first-degree sexual misconduct as defined by section 566.090 does not satisfy any of the subparts of section 566.046.1(2) and therefore is not a lesser included offense of first-degree statutory sodomy.

Our holding is consistent with *State v. Greenlee*, 327 S.W.3d 602, 621 (Mo.App.E.D. 2010), in which this Court held that first-degree sexual misconduct as defined by section 566.090 is not a lesser included offense of first-degree statutory sodomy because the former requires proof of "lack of consent." *Id*.

Ward's argument is based entirely on the principle that a person under the age of fourteen can never legally consent to any kind of sexual activity.  *State v. Stokely*, 842 S.W.2d 77, 81 (Mo.banc 1992).  In Ward's view, the inability of a person under the age of fourteen to legally consent to sexual activity demonstrates that first-degree statutory sodomy, like first-degree sexual misconduct, requires proof of lack of consent.  Thus, Ward concludes, first-degree sexual misconduct is included in first-degree statutory sodomy because the former may be established by proof of the same or less than all the facts required to prove the latter offense.  However, as *Stokely* confirms, the inability of a person under the age of fourteen to legally consent to sexual activity actually demonstrates that "[a]ge is the essential element" in statutory sexual offenses such as statutory sodomy, and thus the intent of the perpetrator and the consent of the victim are *irrelevant*. *Id.* (holding that mistake as to the age of the victim is no defense to statutory rape); *see also State v. Ybarra*, 386 S.W.2d 384, 386 (Mo.banc 1965) (holding that "intent and motive play but little if any part in [statutory rape]"); *State v. Baker*, 276 S.W.2d 131, 133 (Mo.banc 1955) (stating that in prosecution for statutory rape, "consent . . . become[s] immaterial").  Indeed, that is why section 566.062 plainly does *not* require proof of lack of consent to establish first-degree statutory sodomy.  Point denied.

**Conclusion**

For the reasons stated above, we affirm the judgment of the trial court.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.

4